69h 67
51ad291

EDITHE W. AUSTIN, as Administratrix, etc., of JOHN H. AUSTIN, Deceased, Respondent, *v.* THE LONG ISLAND RAILROAD COMPANY, Appellant.

*Obstruction of the view of a railroad track by a signboard — negligence — duty of looking along the track before crossing.*

The maintenance, by a railroad company, of a signboard upon its right of way, so obstructed the view of the track to a pedestrian when fifty feet from a crossing as to cut off some 850 feet of the track, beginning 125 feet from the crossing.

*Held,* that such obstruction was sufficient proof of negligence on the part of the railroad company to go to the jury.

A pedestrian was killed by a passing train at a crossing where the view was so obstructed by a signboard.

*Held,* that the question whether he was careless in looking along the track when fifty feet from the crossing and not afterwards, was one for the jury, if they should find the fact to be so.

APPEAL by the defendant, the Long Island Railroad Company, from a judgment of the Supreme Court, entered in the office of the clerk of Queens county on the 15th day of October, 1892, upon a verdict in favor of the plaintiff, rendered at the Queens County Circuit, and from an order entered on the 25th day of October, 1892, denying the defendant's motion for a new trial made upon the minutes.

The action was brought to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the defendant's negligence.

*E. B. Hinsdale,* for the appellant.

*Louis Claude Whiton,* for the respondent.

BARNARD, P. J.:

On the 28th of June, 1891, John H. Austin, the husband of the plaintiff, was killed by a train upon the defendant's railroad. The accident happened about midday and near Woodhaven Junction, in Queens county. The deceased was on a street called Ocean avenue, but which appears not to be a public highway, but one commonly used by pedestrians as a place of crossing the tracks of the Long Island Railroad Company. The train which struck the deceased came from the east. It was proven that when the deceased and his companions got within about fifty feet of the crossing, he looked

east.    They saw nothing; but, in point of fact, there was a train coming from the east which was hidden by a signboard with two sides at right angles, each arm being about twelve or thirteen feet long.    This sign hid from view about 850 feet of the defendant's track, and gave only about 125 feet actual view of the track west of the signboard.    The deceased started rapidly to cross the road of the defendant and was hit and killed.    While it was a question upon the trial whether the bell and whistle were sounded on approaching Ocean avenue, it was found by the jury that no alarm was given. Without the signboard an unobstructed view of about a mile would have been given eastward from Ocean avenue.

This proof was sufficient proof of negligence to go to the jury. The signboard was on defendant's right of way and it was so placed that a traveler across the avenue could infer from the view of the track, that he had a mile in which to go fifty feet, while in point of fact, he might have but a little over 100 feet.

The proof established that the westward view was obstructed, calling for vigilant attention upon the part of deceased to avoid danger from that quarter.    That he had protected himself from the east by a view which did not protect him by reason of defendant's signboard.

Whether the deceased looked at the right moment exactly and in the right direction successively, is a question of fact.    (*Greany* v. *L. I. R. R. Co.*, 101 N. Y. 419 ; *Oldenberg* v. *N. Y. C. & H. R. R. R. Co.*, 36 N. Y. St. Repr. 402.)

If there was enough evidence to go to the jury on the question of the negligence of defendant, there was also sufficient to submit to them the question as to the freedom of deceased from any contributory negligence on his part.    If the defendant had not obstructed his view from the east, he could have saved his life ; and the question whether he was careless in looking to the east, fifty feet from the crossing and not afterwards, if they should so find the fact to be, was for the jury.    (*Swift* v. *Staten Island R. T. R. Co.*, 123 N. Y. 645.)

The judgment and order denying new trial should be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.