DE BOER v. BROOKLYN WHARF & WAREHOUSE CO.

(Supreme Court, Appellate Division, Second Department.    May 29, 1900.)

WHARVES—PERSONAL INJURIES—NEGLIGENCE.
    Where the premises of a wharf company occupied by its railroad tracks are also used by the public as a street under an implied license, the law requires that the company shall exercise reasonable care in the operation of its trains to protect licensees from injury.

Appeal from trial term, Kings county.
Action by Charles De Boer, as administrator of Caroline De Boer, deceased, against the Brooklyn Wharf & Warehouse Company.    From a judgment dismissing the complaint, plaintiff appeals.    Reversed.
Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Isaac M. Kapper (Thomas E. Pearsall, on the brief), for appellant.
Robert Thorne (Frank Verner Johnson, on the brief), for respondent.

HIRSCHBERG, J.   The plaintiff's intestate, a child 12 years of age, was killed at a place known as "Commercial Wharf," in Brooklyn, in the course of the operation of a steam railroad train by the defendant. The engine struck a truck on which there was a heavy box of goods, shoving it against the warehouse, and crushing the child as she was on her way to Columbia street, doing an errand for her mother.   The details of the accident are immaterial at this time.   It is sufficient to say that they would have justified the jury in concluding that the child was free from fault, and that the accident was occasioned by the absence of ordinary care in the operation of the train. The complaint was dismissed on the ground that as the place where the accident occurred was private property, used by the public only as licensees, the duty of the defendant was limited to the refraining from constructing pitfalls and other like sources of obvious danger, but did not extend to the exercise of care in any degree in the operation of the railroad.   This view of defendant's duty was erroneous, and requires a retrial of the case.   The place has been open to the public for at least 28 years.   It is on a line continuing Conover street, and leading to other public streets, to Hamilton avenue, and the ferry.   The use by the public during the period named appears to have been as general as the use of other streets, and to have been by pedestrians and vehicles of every description.   The defendant commenced the operation of the cars on double tracks about eight years ago, and has since continued it, with full knowledge that the premises have been and are open to and used by the public generally as a thoroughfare. Assuming that this use is only by implied license, and that no duty of active vigilance is thereby imposed on the defendant to protect the licensees from injury, yet, as the movement of the trains is necessarily attended with danger to life unless reasonable care is exercised, the law does require that the defendant shall exercise such care, and holds it to liability for its absence.   There is no difference in this respect between the defendant and the case of a public railroad company in either practice or principle, and the authorities on the subject are numerous and uniform.   Beck v. Carter, 68 N. Y. 283; Barry v. Railroad Co., 92 N. Y. 289; Byrne y. Railroad Co., 104 N. Y. 362, 10 N. E. 539; Swift v. Railroad Co., 123 N. Y. 645, 25 N. E. 378; Austin v. Railroad Co., 69 Hun, 67, 23 N. Y. Supp. 193, affirmed in 140 N. Y. 639, 35 N. E. 892; Larkin v. Railroad Co. (Com. Pl.) 19 N. Y. Supp. 479, affirmed in 138 N. Y. 634, 33 N. E. 1084; Larmore v. Iron Co., 101 N. Y. 391, 4 N. E. 752; Walsh v. Railroad Co., 145 N. Y. 301, 39 N. E. 1068, 27 L. R. A. 724.   It is needless to say that the counsel for the respondent cite no case in support of the proposition upon which this nonsuit rests, viz. that the defendant is under no legal obligation to exercise any care in the running of its trains so far as the traveling public is concerned.   On the contrary, they appear to admit that, on the theory that the plaintiff's intestate was a licensee, "the measure and limit of the defendant's duty was reasonable care to avoid doing anything out of the ordinary and usual course of its business, from which an accident or an injury might reasonably have been anticipated."   The accident did not occur because of anything connected with the ordinary and usual course of the conduct of the defendant's busi-

ness, but because of carelessness and negligence in the conduct of the train in question, which we assume has not been the ordinary and usual course of the defendant in the operation of its road. The case of Downes v. Bridge Co., 41 App. Div. 339, 58 N. Y. Supp. 628, is a very different case from this. That decision was controlled by the fact that dangerous work was in obvious progress on the dock, during the course of which the general public were excluded, and the court held that the obligation of the defendant was limited to refraining from wanton and willful injury. The condition of the dock was such as to "indicate that the public right of use was interrupted," and the plaintiff there was injured by the moving of a girder in the usual way and by the usual appliances, the risk of injury from which he knowingly assumed by unnecessarily placing himself in a position of obvious danger. The court, however, distinctly recognized the principle now under consideration, viz. (page 342, 41 App. Div., and page 631, 58 N. Y. Supp.) that "under ordinary conditions the plaintiff would be considered as being upon the dock under an implied invitation from the owner, and consequently entitled to protection, so far as the exercise of reasonable care by defendant would insure the same." The judgment should be reversed.

Judgment reversed, and new trial granted, costs to abide the event. All concur.