be determined, within the principle of the cases above cited, from all of the evidence which may be presented. The question is one which is now upon trial upon the merits before the referee, and upon which a large amount of evidence has already been produced. The precise question here presented has been presented upon said reference by a motion of the defendant to dismiss plaintiff's complaint upon the ground that his evidence established that he and defendant were co-partners, and that there could be no recovery under the complaint; that the cause of action set up in the complaint is one at law, upon which an attachment had been issued and levied; and that the plaintiff's testimony showed that the plaintiff and defendant were to share in the losses as well as the profits. This motion was denied. Therefore, to pass upon this motion at this time would require a decision, upon affidavits and incomplete evidence, of a question which is involved in the merits of the trial now proceeding before the referee. Independent of the undesirability of thus anticipating the decision of the referee upon the trial, I am averse to deciding the merits of an action upon a preliminary motion of this kind. Kirby v. Colwell, 81 Hun, 385, 30 N. Y. Supp. 880; Glass Co. v. Roberts, 4 App. Div. 20, 38 N. Y. Supp. 301; Furbush v. Nye, 17 App. Div. 325, 45 N. Y. Supp. 214. The motion to vacate the attachment is therefore denied, with $10 costs.

Motion denied, with $10 costs.

---

(64 App. Div. 327.)

### LIEKENS v. STATEN ISLAND M. R. CO.

(Supreme Court, Appellate Division, Second Department. October 4, 1901.)

1. STREET RAILROAD COMPANY—RIGHT OF WAY—OWNERSHIP—COMPLAINT FOR INJURIES—AMENDMENT—CONFORMITY TO PROOF—PRESUMPTION ON APPEAL.

     Under Code Civ. Proc. § 723, empowering the trial court to conform the pleadings to the facts proved where the amendment does not substantially change the claim or defense, the fact that plaintiff, suing a street railroad company for injuries, alleges that the stage of which plaintiff was an occupant was upon a public highway over which defendant's tracks were laid, while on the trial defendant proves ownership in fee of the premises where the accident occurred, is immaterial, as, for the purpose of sustaining the judgment, the complaint will on appeal be deemed to have been amended in harmony with the proofs.

2. SAME—HIGHWAY—PRIVATE OWNERSHIP—PUBLIC WAY—DUTY TO TRAVELER.

     Defendant street car company purchased land leading to a summer resort, over which it laid its tracks, and which it opened for use as a public highway, though without formal dedication. Plaintiff, a passenger in a stage coach, was injured by defendant's car colliding with that vehicle. Defendant contended that its invitation to the public extended only to the use of the roadway at the side of its tracks, and that, being on its tracks, plaintiff was a trespasser. The tracks were not fenced off, or otherwise separated from the roadway. *Held*, that defendant was liable, though its negligence causing the accident was not wanton, willful, or intentional, the contention of the defendant being against public policy.

Appeal from trial term.

Action by F. Victor Liekens against the Staten Island Midland Railroad Company. From a judgment in favor of plaintiff and an

order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Geo. M. Pinney, Jr. (Warren C. Van Slyke, on the brief), for appellant.

John M. Gardner, for respondent.

WOODWARD, J. That the evidence in this case warranted the jury in finding that the defendant was guilty of negligence resulting in the accident which produced the injury complained of by the plaintiff, and that the latter was free from negligence contributing to the result, is, we believe, beyond question. It was not disputed in the most of the essential elements, and we shall, therefore, feel called upon only to discuss the questions of law raised by the appellant. The plaintiff alleged in his complaint that "on or about the 4th day of September, 1899, plaintiff was a passenger in a stage or other vehicle, in company with other persons, which stage has been rightly driving upon and was rightfully upon a certain public highway upon which were laid defendant's tracks, and upon which its cars traveled," etc., and that "one of defendant's cars ran upon and against the vehicle or stage in which plaintiff was seated as aforesaid, causing plaintiff to sustain great grievous bodily injury and harm, all through the reckless and careless negligence of the defendant, its agents or servants, and without any fault on the part of plaintiff." On the trial of the action the defendant established that it was the owner of the fee of the premises where the accident occurred, and it now contends that it can only be held liable for a wanton, willful, or intentional injury to any one on its tracks. We cannot agree with this contention of the defendant, because it is not the law of this case, and the fact that the proof does not establish all that the plaintiff alleged in reference to the character of the premises where this accident occurred is immaterial. The pleadings will, for the purpose of sustaining the judgment, be deemed to have been amended in harmony with the proofs, in accord with the provisions of section 723 of the Code of Civil Procedure. The right of action asserted by the plaintiff does not depend upon whether the premises belonged to the defendant or to the public. It is violated duty that furnishes the ground for an action for negligence (Brewer v. Railroad Co., 124 N. Y. 59, 65, 26 N. E. 324, 11 L. R. A. 483, 21 Am. St. Rep. 647), and the question to be determined is not whether the defendant owned the fee to the premises, but whether the facts and circumstances surrounding the defendant were such as to impose the duty of exercising reasonable care to prevent the accident which actually occurred. It may be gathered from the evidence, in connection with common observance, that the defendant railroad company, in 1897, following the custom of local transportation companies, purchased a right of way from a point on Lincoln avenue, which connects the Richmond road with Midland Beach, to the beach; that it graded and improved this right of way, giving it the name of "Midland Ave-

nue," and laid its double tracks in this way, which was thrown open to the public use, a driveway on the right-hand side being provided 25 feet in width. The evidence shows that Midland avenue, while not formally dedicated to the public, or, perhaps, cared for by the public authorities, was for all practical purposes a public highway, corresponding in general appearance to the highway system of that portion of the country, and leading down to the seashore, which was apparently being developed as a summer resort in furtherance of the interests of the transportation company. This roadway, which thus comes under the general definition of a highway, in that it was a thoroughfare used by the public, and was, in the language of the English books, "common to all the king's subjects" (15 Am. & Eng. Enc. Law, 350), was proved to have been generally used by teams, bicycles, automobiles, and other vehicles; The defendant does not dispute this, or question the right of persons so to use Midland avenue, but it contends that as to that portion of the avenue which it has appropriated for its tracks it has the exclusive right to such way, and that its duty is the same as though it were operating the railroad upon its own private grounds, where the public would have no lawful right to enter. We think this is not the law, however, and that when the plaintiff had established the fact that Midland avenue practically constituted a part of the highway system of that portion of the country he had established a condition of affairs which imposed upon the defendant the same degree of care which it would be called upon to exercise upon any public highway. The circumstance that Midland avenue was opened by the defendant down to the beach; that it was opened for the purpose of developing traffic, by affording the public a resort upon the seashore; and that the value of the way itself depended upon the popularity attaching to Midland Beach,—puts the defendant into the position of extending an invitation to the public to use this highway; and it cannot comport with public policy to hold that under such circumstances the defendant may be heard to say that, while the way is open to the public, it is only open at the side of its tracks, and that it is to be absolved from its duty to exercise reasonable care in operating its cars because it may happen to own the fee of the highway. The way being thrown open, and the public being tacitly invited to make use of the street, it must in law, for the purpose of determining the defendant's duty, be regarded as a public highway, in which the public have the same right to demand the exercise of reasonable care that they would have if the fee was owned by the municipality or some third party, at least in so far as the operation of the cars is concerned. In other words, people making use of thoroughfares which are thrown open to the public, and upon the surface of which street railroads are being operated, may properly assume that the way is a public highway, and that it is subject to the same rules of law, in so far as the active duty of the street railroad company is concerned, as though it were in fact a public highway. They may use such public way in the manner customary upon other highways similarly situated, in the absence of notice to the contrary by the owners of the fee; and the street railroad company is bound, as in the case of other highways, to exercise a rea-

sonable degree of care to prevent injury to persons so using such ways. The defendant, if it desires, may protect its right of way for its cars by fencing it in, or by erecting barriers of any kind; but so long as it presents to the public an open street, differing in no essential particular from any other public highway, it cannot, consistently with law, be relieved of the duty of exercising the same degree of care which would be incumbent upon it if the way was in fact a public highway. This is clearly the principle recognized and asserted in De Boer v. Warehouse Co., 51 App. Div. 289, 291, 64 N. Y. Supp. 925, and authorities cited, and it must be controlling here. The plaintiff was not a mere licensee upon the private premises of the defendant. He was a passenger in a coach, which was traversing what the defendant held out to him as a public thoroughfare, and which the defendant admits he had a right to travel, except that it undertakes to say that, in so far as its tracks are concerned, its right was exclusive, and that upon that portion of the way it owed the plaintiff no duty. Such a rule would be shocking to the sensibilities of the community, and would permit transportation companies to invite people to public resorts upon the private property of the corporation, and to slaughter them without any adequate responsibility.

The judgment and order appealed from should be affirmed, with costs. All concur.