(86 App. Div. 296.)

### BURKE v. BROOKLYN WHARF & WAREHOUSE CO.

(Supreme Court, Appellate Division, Second Department.   July 24, 1903.)

1. RAILROADS—RINGING OF BELL—EVIDENCE.

Whether the bell of defendant's engine was rung as the train approached the place of the accident is a question for the jury, though five persons testified it was rung, all being employés of defendant, and four of them engaged in the management of the train, and only two testified they did not hear the bell, but only the rumbling of the cars, they being near the train, and the attention of one of them being attracted, when it was some distance away, to the danger of children approaching the track.

Appeal from Trial Term, Kings County.

Action by Mary Burke, an infant, by George O'Keefe, her guardian ad litem, against the Brooklyn Wharf & Warehouse Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD· WARD, HIRSCHBERG, and HOOKER, JJ.

Frederick Hulse (Ernest F. Eidlitz, on the brief), for appellant.
Ernest P. Seelman, for respondent.

WILLARD BARTLETT, J. The plaintiff, then a child four years old, was run over and injured by a railroad train operated by the defendant on Commercial Wharf, in the borough of Brooklyn. The conditions were such as to impose upon the defendant the obligation to exercise reasonable care in the management of the train which injured the plaintiff. De Boer v. Brooklyn Wharf Co., 51 App. Div. 289, 64 N. Y. Supp. 925, and cases therein cited. The principal question litigated upon the trial was whether this obligation was complied with by the giving of proper signals of the approach of the train to the spot where the accident occurred, if any such signals were necessary in addition to the noise made by the movement of the train itself. The learned trial judge left this question very fairly to the jury. He told them it was for them to say whether the noise of the train proceeding was not of itself sufficient warning and signal to persons intending to cross the track. If they reached the conclusion that, in the exercise of reasonable care, some other signal or warning should have been given, then they were to determine whether it was given; and the court added still further:

"If you reach the conclusion on the evidence here that the bell was ringing at the time of this accident, then it would be your duty to render a verdict in this case for the defendant, because the court rules then, as matter of law, that that was a sufficient warning and signal of the approach of this train."

In other words, the jury were instructed that, if they deemed a signal to be necessary, and they found the bell to have been rung, the necessary signal had been given, and the defendant would be thereby absolved from liability.

The appellant contends, however, that the jury should not have been allowed to pass upon the question whether the bell was run or not, invoking the rule laid down in Culhane v. N. Y. C. & H. R. R. R. Co., 60 N. Y. 133, that:

"As against positive, affirmative evidence by credible witnesses to the ringing of a bell or the sounding of a whistle, there must be something more than the testimony of one or more that they did not hear it to authorize the submission of the question to the jury. It must appear that they were looking, watching, and listening for it; that their attention was directed to the fact; so that the evidence will tend to some extent to prove the negative."

Upon the trial seven witnesses gave testimony bearing upon the question whether the bell was rung upon the train as it approached the place of the accident—two for the plaintiff and five for the defendant. The five witnesses for the defendant swore positively to the

ringing of the bell.   All of these witnesses appear to have been in the defendant's employment at the time—four of them being engaged in the management of the train.   Their relation to the defendant, and the responsibility of some of them for the accident if it occurred through fault on their part, could properly be taken into consideration by the jury in passing upon the effect to be given to their testimony.   The jury were not bound to believe them.   It seems to me very doubtful, to say the least, whether the rule in the Culhane Case, which is limited to credible witnesses, was intended to apply to the testimony of servants in behalf of a master charged with negligence, where the negligence of the master cannot be made out without imputing carelessness to these very witnesses.   The plaintiff's testimony on this branch of the case was given by Harry Joseph McGowan and John J. Macken, neither of whom seems to have had any interest in the event of the action.   McGowan was crossing the wharf on his way home.   He says that the first he knew of cars moving was when he heard the rumbling of the wheels behind him.   He then saw the child hit by the train, which went about 70 or 80 feet after striking the child.   He further testified:

"I did not hear the whistle.   I did not hear a bell.   I did not hear anything other than the rattling of the wheels or the noise of the wheels indicating the approach of the car.   *   *   *   I looked around because I heard rumbling.   The rumbling of the wheels of the cars attracted my attention as they were coming behind me."

Macken was in a building overlooking the Commercial Wharf at the time of the accident, and looking out of the window, having a view about 200 feet north from the place where he stood.   He noticed three children, one of whom was the plaintiff, walking down the wharf, and as soon as he saw the plaintiff turn round some standing cars that were stalled on the track he perceived that she was in danger, and shouted.   As to the absence of signals, he says:

"I heard nothing more than the sound of the engine pushing the car—the rumbling of the cars coming along; that was all.   I heard no other noise of any kind coming from that train or that engine."

It seems to me that the testimony of these two witnesses justified the submission to the jury of the question whether the bell was rung or not.   Macken was in a position to observe all that took place at the time of the accident.   He said he had a clear and unobstructed view of the situation, and his attention was attracted, not to say absorbed, by what occurred.   His situation, as he describes it, was such as to make it extremely improbable that he would have failed to hear the ringing of the bell if the bell had in fact been rung, and he expressly declares that he heard no noise of any kind coming from the train except the rumbling of the cars.   I do not think that the doctrine of the Culhane Case was intended to go so far as to hold that the courts must accept the testimony of interested witnesses as conclusive, when opposed to the testimony of a disinterested witness, circumstanced as this man was on the occasion of this accident.

The proof was not such as to justify the trial court in imputing negligence to the plaintiff's mother as matter of law in allowing her to leave home and find her way to the place where the accident occur-

red, and the learned trial judge properly left it to the jury to say whether the mother exercised the reasonable care of an ordinarily prudent parent in sending her child out to play upon the street, under the circumstances disclosed by the evidence. No error was committed by the court in refusing to charge the requests specified in the fourth point of the appellant's brief. So far as the propositions were correct, they had been covered in the instructions already given to the jury. I advise an affirmance of the judgment.

Judgment and order affirmed, with costs. All concur.