HERMAN KAPLAN, Appellant, *v.* HERMAN S. POSNER,
Respondent.

Second Department, May 21, 1920.

**Motor vehicles — negligence — injury to pedestrian struck by auto-
mobile while crossing street — erroneous nonsuit — contributory
negligence — obstruction of vision by elevated railroad posts.**

Where, in a suit to recover for personal injuries received by the plaintiff,
who, while attempting to cross a street in the borough of Brooklyn, was
struck by the defendant's automobile, it appears that although the plaintiff
looked both to the right and to the left before leaving the curb, his vision
was obstructed by a line of posts supporting an elevated railroad, it was
error to grant a nonsuit upon the ground that the plaintiff had not shown
freedom from contributory negligence, where the plaintiff testified that
he failed to see the car and heard no warning or sound, for the existence of
said obstruction which appeared plainly from photographs put in evidence
made the question of contributory negligence one for the jury in spite of
the fact that the testimony of witnesses showed that the view was unob-
structed for a distance of several blocks.

APPEAL by the plaintiff, Herman Kaplan, from a judgment
of the Supreme Court in favor of the defendant, entered in the
office of the clerk of the county of Kings on the 14th day of
November, 1919, upon the dismissal of the complaint by
direction of the court at the close of plaintiff's case.

*David S. Myers,* for the appellant.

*Walter L. Glenney* [*Bertrand L. Pettigrew* with him on the
brief], for the respondent.

KELLY, J.:

This was a crossing accident. The plaintiff, a man forty-
seven years of age, was on his way home about twelve o'clock
at night, traveling north on the west or left-hand side of
Keap street in Brooklyn. He reached Broadway, which runs
approximately east and west, and, intending to cross Broadway,
as he stepped off the southerly curb he was immediately struck
by defendant's automobile, a small Ford delivery wagon which

came from plaintiff's left-hand side, running east on Broadway, close to the southerly curbstone and traveling very fast — pretty quick, or as one of the plaintiff's witnesses testified, " just like wind." There was evidence that the automobile did not slow up as it approached Keap street and that it struck the plaintiff immediately as he stepped from the curb. There was evidence that no warning was given of its approach to the crossing; the plaintiff testified that when he came to the corner he looked up and down Broadway to see if anything was coming and that he did not see it or hear it; he stepped but two or three feet when he was struck, knocked down, rendered unconscious and seriously injured.

At the close of the plaintiff's case the learned trial justice granted defendant's motion for nonsuit upon the ground that plaintiff had not shown freedom from contributory negligence, stating that the conclusion was irresistible that if plaintiff had looked he would have seen the approaching automobile as he stepped off the curb.

The plaintiff, who had received a fracture of the skull, necessitating removal of part of the skull itself, testified on cross-examination and in answer to the questions of the learned justice, that at the corner of Keap street and Broadway the view was practically unobstructed up and down the latter thoroughfare; that he could see ten blocks in either direction. It was because of this evidence that the learned judge dismissed the complaint on the principles laid down in *Dolfini* v. *Erie R. R. Co.* (178 N. Y. 4) and *Farrell* v. *Fire Insurance Salvage Corps* (189 App. Div. 795), holding that as defendant's automobile was close upon the plaintiff as he stepped from the curb his statement that he looked and did not see it was incredible. But it is evident from the record that the attention of the learned trial justice was not called to the fact that the evidence in the case showed that a pillar supporting the elevated railroad in Broadway stood at the southerly curb and to the left of plaintiff as he approached the crossing. And plaintiff did not introduce evidence as to its dimensions, but it is clearly shown on the original photograph introduced in evidence, submitted to the court on argument and imperfectly reproduced in the case. It is one of the ordinary lattice-work elevated railroad supports and is one of a line of such pillars

erected close to the south curb along Broadway. While the evidence of plaintiff and his witness, seated in a window on the second floor of a building west of Keap street, was that there was a view from the corner of Keap street down Broadway for several blocks, it is evident that the witnesses were not considering the obstructions caused by the elevated pillars. Their attention was not called to them, but the physical conditions as to view are as apparent on examination of the photograph as they must be on reading the testimony as to the presence of the elevated structure in the street and considering what plaintiff could see when he looked to the west. The accident occurred about midnight, the streets were comparatively free from traffic. The defendant's automobile — a Ford delivery car — approaching at high speed from the west close to the south curb, the plaintiff's view might well be obstructed by the elevated railroad pillars, so that it was a question for the jury to say whether his statement that he did not see the approaching car was incredible, or whether, hearing no warning or sound, he was guilty of contributory negligence in proceeding on his way. He testified that he paused at the corner and that he looked up and down Broadway. The law does not say when he must look, or how often he must look; these things cannot be defined in advance by any hard and fast rule. (*Baker* v. *Close*, 204 N. Y. 92; *Knapp* v. *Barrett*, 216 id. 226.) If there were no obstructions to the view, undoubtedly the law declared in the *Dolfini Case* (*supra*) would be applicable, but with these conceded obstructions, his contributory negligence was for the jury. They might have found upon the evidence that the elevated railroad pillar at the corner of Keap street, and the line of elevated pillars along the curb to the west interfered with plaintiff's view of the rapidly-approaching automobile close to the curb, so that he was not chargeable with negligence because he did not see it. A similar situation was presented in *Austin* v. *Long Island R. R. Co.* (69 Hun, 67; affd., 140 N. Y. 639). In that case the view, otherwise unobstructed, was interfered with to some extent by a single advertising sign some distance from the corner, but between the traveler and the approaching train. Mr. Justice CULLEN at Trial Term held that the obstruction made the contributory negligence of the deceased a question for the

jury, and the judgment was affirmed at the General Term in this department and in the Court of Appeals.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

JENKS, P. J., MILLS, RICH and JAYCOX, JJ., concur.

Judgment reversed and new trial granted, with costs to appellant to abide the event.