MOSES FERTEL *v.* GEORGE PECK.

October Term, 1907.

Present: TYLER, MUNSON and WATSON, JJ., and WATERMAN,
SUPERIOR J.

Opinion filed October 18, 1907.

*Negligence—Injuries from Negligent Driving—Evidence—Suf-
ficiency—Contributory Negligence as Matter of Law—Ques-
tion for Jury—Instructions.*

In an action for injuries caused by defendant's alleged negligence
in driving against plaintiff while he was working on a public
street evidence considered and *held,* that it tended to show that
defendant was negligent, as alleged; that it could not be said, as
matter of law, that plaintiff was guilty of contributory negligence
in failing seasonably to notice and avoid defendant's approaching
team; and that, therefore, the court rightly submitted those ques-
tions to the jury.

The court, in addition to proper general instructions regarding plain-
tiff's duty in the circumstances, called the jury's attention to the
fact that plaintiff must have known that there were liable to be
more teams than usual on the street that day, and to the fact that
he had been cautioned by his superior to look out for teams while
at work, and put the inquiry whether, in the circumstances,
plaitiff was negligent in not knowing that defendant's team was
coming. *Held,* that defendant was entitled to no further instruc-
tion as to plaintiff's duty to look out for approaching teams.

CASE for negligence. Plea, the general issue. Trial by jury
at the March Term, 1906, Washington County, *Rowell,* J., pre-
siding. Verdict and judgment for the plaintiff. The defendant
excepted. At the close of all the evidence, the defendant moved
for a directed verdict in his favor for that there was no evidence
tending to show unskillful driving on his part; that there was
no evidence tending to show negligence on his part; and that,
on the evidence, plaintiff, as matter of law, was guilty of con-

tributory negligence. This motion was denied, to which ruling the defendant excepted.

*Fred L. Laird* for the defendant.

*John Wing* and *C. H. Senter* for the plaintiff.

MUNSON, J. There was evidence tending to show that whenever defendant's horse came near an approaching electric car it would start up suddenly and run past the car, and that it was uncontrollable in this respect; that defendant had owned the horse over a year, and had very often driven it through the streets where the cars ran, and knew how it acted at these times; that on the occasion when plaintiff received his injury, the defendant, while still at some distance, saw the plaintiff's party at work between the car track and the curb, and beyond them an approaching street car; that he kept on at ordinary driving speed, and thus brought the passing of his team and the car at the point where the men were working,—when for aught that appeared he might, by lessening his speed, have brought the meeting at a point where no one would have been endangered. This was evidence tending to show that the defendant did not take the care that a prudent man would have taken in driving such a horse in such circumstances.

There was also evidence tending to show that plaintiff's position with his back to teams coming from one direction was required by his work; that he could not be working and watching for teams from the rear at the same time, but that once in a while he would look around; that others working with him did the same, and that some of these saw the defendant's team and warned him; that he started towards the gutter, but did not have time to escape from the team, which passed the car in the manner before described. In view of this evidence, it could not be said as matter of law that the plaintiff was guilty of contributory negligence. So the defendant was not entitled to have a verdict directed on either branch of the case.

The defendant excepted to the failure to charge the jury "that it was the duty of the plaintiff to be on the alert and look out for approaching teams, taking all the conditions into consideration." The court, in addition to proper general in-

structions regarding the plaintiff's duty; called attention to the fact that the plaintiff must have known that there were liable to be more teams than usual on the street that day, and to the fact that he had been cautioned by his superior to look out for teams when at work, and put the inquiry whether in the circumstances surrounding him he was guilty of negligence in not knowing that the team was coming. This was all the defendant was entitled to in the line indicated by the exception.

*Judgment affirmed.*