## DOYLE v. FOSTER.

(Supreme Court, Appellate Division, First Department. October 23, 1908.)

1. MUNICIPAL CORPORATIONS (§ 705*) — COLLISION OF TEAM WITH PERSON STANDING IN STREET—CONTRIBUTORY NEGLIGENCE.

That a person struck by a wagon coming up behind him had been standing for three minutes in the same position, in the roadway of a street three feet from the gutter, is not conclusive of his contributory negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1515; Dec. Dig. § 705.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MUNICIPAL CORPORATIONS (§ 705*) — COLLISION OF TEAM WITH PERSON STANDING IN STREET—NEGLIGENCE.

That a truck was without warning driven up behind and run into one standing in the street, in which so far as appears there were no other vehicles or obstructions, is evidence of negligence.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1515; Dec. Dig. § 705.*]

Appeal from Trial Term.

Action by Dennis Doyle, an infant, by Julia Doyle, guardian ad litem, against James C. Foster. From a judgment entered on dismissal of complaint on a trial before a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

I. Henry Harris, for appellant.

William S. Cogswell, for respondent.

INGRAHAM, J. This action was tried with Dennis Doyle v. James C. Foster (decided herewith) 112 N. Y. Supp. 675, for the injuries sustained by the plaintiff in consequence of being run over by a truck belonging to the defendant in the street. The injury resulted in the amputation of his left leg, and there were other serious injuries. The plaintiff, a boy 13 years of age, testified that he was in Barrow street shortly after 3 o'clock on the 18th of February, 1906; that he was about three feet from the gutter in the roadway when the shaft of the defendant's wagon struck him and knocked him down; that he was standing with his back towards the east, looking towards the west, when the wagon came up behind him, and had been standing in this position about three minutes before he was struck; that he did not hear the wagon coming, and neither the driver nor anybody else spoke to him before he was struck; that when he was injured he was watching a "cat game" on Barrow street; that he was not playing, but just watching the game; that he had seen the horse that hit him two or three minutes before; that at the time of the accident he was 12 years old. Upon this testimony the court dismissed the complaint.

I know of no rule which imputes contributory negligence as a matter of law to a person who stands three minutes in the roadway of a street. Whether or not the plaintiff is non sui juris is of no consequence. He was bound to exercise the care and caution of a reasonably prudent person of his age and mental development, and in this case whether he was guilty of negligence was for the jury. As to the defendant's negligence, that also was a question for the jury. The plaintiff was standing in the street, in which, so far as appears, there were no other vehicles or obstructions. The truck belonging to the defendant drove up behind him and ran over him without warning. This was evidence of the negligence of the driver.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs'. 1907 to date, & Rep'r Indexes