BERLER v. KANE et al.

(Supreme Court, Appellate Division, First Department. June 24, 1910.)

1. MUNICIPAL CORPORATIONS (§ 706*)—COLLISION OF TEAM WITH PERSON ON STREET—CONTRIBUTORY NEGLIGENCE.

It is not negligence as matter of law for a boy to stand for several minutes in a street, with one foot on the curbstone, taking off his roller skates; so that he having been run into by a team without warning, and there being evidence that before taking such position and while standing there he had taken proper precaution to look for approaching vehicles, the question of contributory negligence is for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—COLLISION OF TEAM WITH PERSON ON STREET—NEGLIGENCE.

The question of negligence of one who, in the daytime, with nothing to prevent a full view, drives a team against a boy standing with one foot in the street, the other on the curb, is for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

Appeal from Trial Term, New York County.

Action by Harry Berler, an infant, by Solomon Berler his guardian ad litem, against Peter F. Kane and another. From an order setting aside the verdict for plaintiff, and from the judgment dismissing the complaint, plaintiff appeals. Reversed, verdict reinstated, and judgment directed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

Frank F. Davis, for appellant.

Allan E. Brosmith, for respondents.

DOWLING, J. On November 16, 1907, Harry Berler, then of the age of 12 years, was roller skating on the east side of Second avenue, between Fourteenth and Fifteenth streets, in this city, in front of the Hebrew Technical School. After he had been skating with a companion to and fro on the sidewalk for some time, a friend, one Mrs. Schatzberg, invited him to come and take coffee in her home. Accepting the invitation he started to take off his skates, and in order to do so stepped into the street, putting one foot on the curbstone, which was about 6 inches above the level of the street, the other foot being in the street. Before he stepped into the street he looked up and down the avenue and could see a block each way. He saw wagons coming down the avenue, but none on the side of the street in which he was standing. He then proceeded to unstrap and take off his skates. His best judgment of the time occupied in this operation is that it took in all eight minutes. After he had been in this position working at his straps for about four minutes he looked up and down the avenue again, and saw no wagon approaching in his direction, nor did he hear one coming, although he listened; within four minutes from that time, he was run into and struck by the defendant's wagon sustaining the injuries of which he complains. The accident occurred about 4 o'clock in the afternoon, while it was still daylight. Mrs. Schatzberg corroborated his testimony as to the method which he adopted for taking off his skates, and swore to seeing the horses and wagon strike him. She testified that the horses were going uptown and were going fast, and that she shouted to the driver to stop the wagon when it was about two feet away, which, apparently, is the first time she saw it. The wagon was not stopped. Lawrence Gladstone, who was Harry Berler's companion in skating, testified to the method adopted by the latter in taking off his skates, and that he was talking to him when the accident occurred. It does not appear that he saw the horses or wagon until they struck Berler. Adolph Grestler also saw the accident, and testified that the horses were going fast —running—at the time they struck the boy. The defendant made no attempt to explain the happening of the accident, and did not call the driver of the wagon. The case was submitted to the jury upon a very full and fair charge, which properly set forth the rules of law applicable to the facts established, and the jury found a verdict in favor of the plaintiff for $1,200. The court thereupon granted a motion to set aside the verdict under section 999 of the Code of Civil Procedure, and also dismissed the complaint. From the judgment and order effectuating the court's action, the present appeal is taken.

It seems clear upon the proof that the questions of the defendants' negligence and of the plaintiff's freedom from contributory negligence were properly submitted to the jury. The mere fact that the plaintiff was occupying a position upon the public highway for some minutes

did not as a matter of law make him guilty of contributory negligence. He had taken proper precautions, according to his testimony, to look for any approaching vehicles, not only when he left the sidewalk, but after he had been standing for some minutes in the street. It was daylight, and there is no evidence of any incumbrance hindering a full view of the locality by any person driving an approaching vehicle. Upon the testimony, the wagon came from behind, and without warning ran over the boy who was thus in full view. The streets of the city are intended for the use of foot passengers as well as vehicles, and there is no rule of law which makes it negligence for a person to stand in the street for a few minutes when he has taken proper precautions to look for any approaching vehicles. Doyle v. Foster, 128 App. Div. 279, 112 N. Y. Supp. 673; Murphy v. Weidmann Cooperage Co., 1 App. Div. 283, 37 N. Y. Supp. 151; Moebus v. Herrmann, 108 N. Y. 349, 15 N. E. 415, 2 Am. St. Rep. 440.

The amount of the recovery was not excessive, in view of the testimony as to the nature and extent of the plaintiff's injuries.

The judgment and order appealed from are, therefore, reversed, with costs to the appellant, the verdict of the jury reinstated, and judgment directed for the plaintiff on the verdict with costs. All concur.