· REED, Appellant, vs. THE CITY OF MADISON, Respondent.

*September 3 — October 25, 1892.*

*Municipal corporations: Injury from defective sidewalk to child play-*
*ing and traveling thereon: Contributory negligence: Notice of acci-*
*dent.*

1. The question of the contributory negligence of a child injured by
   reason of a defective sidewalk is to be determined as in the case of
   an adult, except that the child should not be held to as high a degree
   of care and responsibility.
2. The liability of a city for injuries caused by defective sidewalks is,
   in this state, exclusively statutory.
3. The remedy of the statute in such case is available only to those who
   were using the sidewalk for the purpose of traveling thereon when
   injured.
4. The fact that a child on her way to meet playmates was running
   slowly along the sidewalk rolling a hoop, is not inconsistent with
   her being at the same time a traveler on the sidewalk, where the
   playing with her hoop did not divert her from going straight on
   towards her destination.
5. The rolling of her hoop before her was not *per se* negligence.
6. Sec. 1339, R. S. (providing that no action for an injury caused by a
   defective sidewalk shall be maintained unless notice of the accident
   was given to the city within ninety days), is applicable to an action
   commenced after said statute took effect, although the accident
   occurred fifty days prior to that time.
7. The complaint in an action against the city commenced by a parent
   within ninety days after an injury to his minor child, stating all
   the facts required by sec. 1339, R. S., to be stated in a notice of the
   injury, is *held* a sufficient notice for the purposes of a subsequent
   action by the child.

APPEAL from the Circuit Court for *Dane* County.

The facts are stated in the opinion.

For the appellant there was a brief by *Sanborn & Kerr*,
attorneys, and *Rufus B. Smith*, of counsel, and oral argu-
ment by *Mr. A. L. Sanborn* and *Mr. Smith.* They argued,
among other things, that the general rules of liability of
persons and corporations towards children are the same as

they are in favor of adult persons, with the distinction that a much less strict rule is held in respect to contributory negligence upon their part. *Railroad Co. v. Gladmon*, 15 Wall. 401; *Lynch v. Smith*, 104 Mass. 52; *Ewen v. C. & N. W. R. Co.* 38 Wis. 613. It has never been held, except under local statutes, that a child injured while playing on the street had not the ordinary right to go to the jury on the question of contributory negligence. The cases may be divided into three classes: (1) Where the liability is in favor of persons and property generally, and the accident happens to the child either wholly engaged in play or using the street in the ordinary way. Here it is held, without dissent, that a child has the same rights as an adult. *Chicago v. Keefe*, 114 Ill. 222; *Indianapolis v. Emmelman*, 108 Ind. 530; *McGuire v. Spence*, 91 N. Y. 303; *Donoho v. Vulcan Iron Works*, 7 Mo. App. 447, approved 75 Mo. 404; *McGarry v. Loomis*, 63 N. Y. 104; *Kunz v. Troy*, 104 id. 344; *Birkett v. Knickerbocker I. Co.* 110 id. 504; *Gulf, C. & S. F. R. Co. v. McWhirter*, 77 Tex. 356; *Vicksburg v. McLain*, 67 Miss. 4. (2) Where the liability is purely statutory, is in favor of *travelers* only, and injury happens to a child engaged in play alone, not being at the time walking or running on the street. Here it is held there can be no recovery. *Stinson v. Gardiner*, 42 Me. 248; *Hill v. Boston*, 122 Mass. 344; *Blodgett v. Boston*, 8 Allen, 237; *Tighe v. Lowell*, 119 Mass. 472; *Lyons v. Brookline*, id. 491. (3) Where, as before, the liability is statutory, confined to travelers, and the injury happens to a child while it is using the street for travel and play at the same time. In such a case it is held that there may be a recovery. *Blodgett v. Boston*, 8 Allen, 237; *Gulline v. Lowell*, 144 Mass. 491; *Hunt v. Salem*, 121 id. 294; *Bliss v. South Hadley*, 145 id. 91. That a child, injured by a defect while seeking diversion, exercise, or recreation upon the street, has the same right as an adult to go to a jury upon the question of contributory

negligence, see, also, *Birge v. Gardiner*, 19 Conn. 509; *Kerr v. Forgue*, 54 Ill. 482; *Strong v. Stevens Point*, 62 Wis. 255. The child must have, in such a case, at least the same right as one who was violating the law at the time of the injury. See *Sutton v. Wauwatosa*, 29 Wis. 21; *Phila., W. & B. R. Co. v. Phila. & H. de G. S. T. Co.* 23 How. 209; *Schmid v. Humphrey*, 48 Iowa, 652; Wharton, Neg. sec. 331; *Robinson v. Pioche*, 5 Cal. 460; *Alger v. Lowell*, 3 Allen, 402; *Cramer v. Burlington*, 42 Iowa, 315. The New England rule is that a child engaged exclusively in play upon a highway or street is not a traveler under their local statutes. *Blodgett v. Boston*, 8 Allen, 237; *Hamilton v. Boston*, 14 id. 475, 483; *Stinson v. Gardiner*, 42 Me. 248. But plaintiff was most clearly a traveler, even within the strict construction of those statutes made by the New England courts. *Blodgett v. Boston*, 8 Allen, 237; *Hunt v. Salem*, 121 Mass. 295; *Gulline v. Lowell*, 144 id. 491; *Bliss v. South Hadley*, 145 id. 91.

*Burr W. Jones*, for the respondent, contended, among other things, that in Wisconsin the liability of municipalities for injuries caused by defective or insufficient streets is purely statutory, not only as to towns but as to cities. *Stilling v. Thorp*, 54 Wis. 528, 532; *McLimans v. Lancaster*, 63 id. 596, 600. The states which reject the doctrine of implied liability and have statutes on the subject, limit the uses to which the highway or street must be kept in repair. Only those who are using the streets as *travelers* can recover damages under these statutes. It logically follows that in such states there is no liability where children or others are injured on the streets while engaged in playing. *Blodgett v. Boston*, 8 Allen, 237; *Tighe v. Lowell*, 119 Mass. 472; *Stinson v. Gardiner*, 42 Me. 248; *Lyons v. Brookline*, 119 Mass. 491; *Stickney v. Salem*, 3 Allen, 374; *McCarthy v. Portland*, 67 Me. 167; *Richards v. Enfield*, 13 Gray, 344.

It has been held that the word "property" used in the statute does not include property unless it is the property of a traveler. *Harper v. Milwaukee*, 30 Wis. 365; *Livermore v. Board of Freeholders*, 31 N. J. Law, 512. The duty of municipalities is complete when they have made the streets safe for travelers. *Ayer v. Norwich*, 39 Conn. 379; *Wilson v. Granby*, 47 id. 73; *Hewison v. New Haven*, 34 id. 136; *Taylor v. Peckham*, 8 R. I. 349; *McArthur v. Saginaw*, 58 Mich. 357; *State v. Davis*, 31 W. Va. 390; *Kelley v. Fond du Lac*, 31 Wis. 179; *Goeltz v. Ashland*, 75 id. 642; *Wheeler v. Westport*, 30 id. 392; *Foshay v. Glen Haven*, 25 id. 288; *Hawes v. Fox Lake*, 33 id. 442; *Harper v. Milwaukee*, 30 id. 371; *Draper v. Ironton*, 42 id. 696; *Houfe v. Fulton*, 29 id. 304; *Strong v. Stevens Point*, 62 id. 266. The complaint is defective in that it has no allegation of notice as required by sec. 1339, R. S. Decisions to the effect that statutes of limitation do not apply where rights have become vested unless they give a reasonable time to bring action, have no application in this case. It has been frequently decided that rights of action purely statutory may be taken away. *Beebe v. O'Brien*, 10 Wis. 481; *Dillon v. Linder*, 36 id. 344; *McLimans v. Lancaster*, 63 id. 600; *Louisiana ex rel. Folsom v. Mayor*, 109 U. S. 285; *Chase v. Curtis*, 113 id. 464; *De Moss v. Newton*, 31 Ind. 219; *Satterlee v. Matthewson*, 2 Pet. 380, 413; *O'Bannon v. L. C. & L. R. Co.* 9 Bush (Ky.), 351. But if a reasonable time must have been given, it was given in this case, since the plaintiff had forty days in which to serve the notice after the statute went into effect, and a much longer time after the statute had been approved. This was a longer time than any citizen of Massachusetts has under similar circumstances. Statutes of Mass. 1882, ch. 52, p. 347, requiring notice within thirty days. In Maine the notice must be given within fourteen days, and the action brought within

one year.   R. S. Maine, 1883, p. 256.   In New Hampshire, within ten days.   Statutes of N. H. 1891, ch. 76, p. 224. In Vermont, within twenty days.   Laws of 1882, No. 13, p. 30.

ORTON, J.   The accident and injury complained of took place on the evening of the 11th day of September, 1878, about 6 o'clock, when the plaintiff, now of full age, was only seven years old, and on a sidewalk on the southerly side of Main street, opposite lot 4, block 50, in the city of *Madison,* which was and had been for over six months out of repair and dangerous to travelers at that place.   The plaintiff, who lived with her father and mother near that place, started to go on said sidewalk westerly to the junction of Broom and Main streets to visit and play with some playmates of hers at that place, taking with her a hoop and a pine stick about eighteen inches long to propel and guide it with.   While she was running slowly down the sidewalk towards her place of destination, guiding and following her hoop, which ran down the walk by its own momentum slightly faster than an ordinary pedestrian would usually walk, and while using due care, the end of one of the boards of the walk, which stuck up several inches above the other boards and the general level of the walk, caught her foot and threw her violently down, and caused the stick she held in her hand to penetrate her left eye and to destroy its sight; and the sight of her right eye, by sympathy, was thereby also partially lost.

These are substantially the facts set out in the complaint. It is also alleged in the complaint that Elisha R. Reed, the father of the plaintiff, on the 11th day of October, 1878, commenced an action against the city, for and on account of said injury to the plaintiff, for damages to himself; and the summons, together with a verified complaint in the action, were duly served on the then mayor of said city,

and the city appeared and answered in the action. A copy of said complaint is attached to the complaint herein as an exhibit. That complaint showed the same insufficiency and want of repair of the sidewalk at the same place, and described the particulars thereof; and alleged that the city authorities had six months' notice thereof; and that the plaintiff was the father of the present plaintiff; and set out the circumstances of the accident, and of her personal injury, and the loss of her services occasioned thereby. When the accident happened, and said former action was commenced, there was no statute requiring notice to the city officers of the particulars of the insufficiency of the walk and of the accident and injury, within ninety days thereafter. Such notice was first required by sec. 1339, R. S., which took effect November 1, 1878, when there were yet remaining about forty days in which such notice might have been given. There was no other notice given by or for this plaintiff, except that which was given by and through said complaint by her father and natural guardian.

A demurrer to the complaint was sustained by the circuit court, and this appeal is from said order. The positions assumed by the learned counsel of the respondent in support of the demurrer will be disposed of in their order. Nearly every question raised has been decided by this court.

1. The plaintiff, as a child seven years of age, had the same rights as an adult traveler on the highway or sidewalk, and her negligence is to be determined by the same principles of law, according to the circumstances of the case. The only difference is, she ought not to be held to as high a degree of care and responsibility. *Strong v. Stevens Point*, 62 Wis. 255; *Ewen v. C. & N. W. R. Co.* 38 Wis. 613; *Johnson v. C. & N. W. R. Co.* 56 Wis. 274; *Railroad Co. v. Gladmon*, 15 Wall. 401; *Lynch v. Smith*, 104 Mass. 52.

2. As contended by the learned counsel of the respond-

Reed vs. The City of Madison.

ent, the liability of cities for injuries caused by the want of repair and dangerous condition of their sidewalks in this state is exclusively statutory. This has been so clearly and recently decided by this court that it is no longer open for argument. *Stilling v. Thorp*, 54 Wis. 528, and the cases cited in the opinion; *McLimans v. Lancaster*, 63 Wis. 596.

3. The remedy of the statute is available only to those who were using the sidewalk or highway for the purpose of traveling thereon when injured. *Foshay v. Glen Haven*, 25 Wis. 288; *Wheeler v. Westport*, 30 Wis. 392; *Kelley v. Fond du Lac*, 31 Wis. 179; *Hawes v. Fox Lake*, 33 Wis. 442; *Harper v. Milwaukee*, 30 Wis. 371; *Houfe v. Fulton*, 29 Wis. 304; *Draper v. Ironton*, 42 Wis. 696; *Goeltz v. Ashland*, 75 Wis. 642.

4. When the liability is statutory, and confined to travelers, as above held, a child who is injured while using a sidewalk both for travel and for play at the same time may recover. This presents a new question to this court. The nearest it has been involved in any case is in *Strong v. Stevens Point*, 62 Wis. 255. The circuit court left it to the jury "whether the boy was on the bridge [through which he fell into the river] for *play* or *pastime*, and *not* for the purpose of going over it." The jury found for the plaintiff, and the judgment was affirmed by this court. From this peculiar language of the instruction the jury may have found that the boy was on the bridge both for play and to go over it. It is said in the opinion "that it is contended that the deceased boy was not a traveler upon the highway, but that he was on the bridge for *mere* play or pastime." This would seem to be a strong intimation that it would be no objection to the recovery, if the boy was on the bridge both for play and for travel at the same time. This court, having followed Massachusetts in respect to other questions of statutory liability, may well accept the decisions of that state as sufficient authority on this ques-

tion also. *Blodgett v. Boston*, 8 Allen, 237; *Gulline v. Lowell*, 144 Mass. 491; *Hunt v. Salem*, 121 Mass. 294; *Bliss v. South Hadley*, 145 Mass. 91. It would seem to be reasonable that if the person injured, whether an infant or an adult, was, in a proper sense, traveling on the sidewalk, it should not be an objection to his recovery that at the same time he was indulging in play or pastime not inconsistent with his being a traveler also. A person passing from place to place on a sidewalk is a *traveler* thereon. He is going somewhere. It makes no difference whether it is for business, or for pleasure, or merely to gratify an idle curiosity. *Chicago v. Keefe*, 114 Ill. 222. It is not unlawful, wrong, or negligent for children to play on the sidewalk. *McGarry v. Loomis*, 63 N. Y. 104. The plaintiff was traveling on the sidewalk to go to a certain place to meet her playmates, and while so traveling she followed her hoop, which she guided before her. The hoop accelerated her traveling, and made it a pleasure. The following and guiding her hoop did not make her any the less a traveler. She did not stop to play with her hoop on the sidewalk, and the playing with her hoop did not divert her from going straight on towards her destination. She was a traveler, in the strictest sense of the word. The rolling of her hoop before her was not *per se* negligence, but the jury may consider that fact on the question, and as to whether it contributed to produce the injury. *Sutton v. Wauwatosa*, 29 Wis. 21; *Kunz v. Troy*, 104 N. Y. 344. See other cases cited in appellant's brief.

Every case must be decided on its own facts. We hold only that, in this case, the rolling of the hoop was not inconsistent with the plaintiff being at the same time a traveler on the sidewalk. It is natural for a child to play, early and late, at home and abroad, going and coming, and everywhere. Because it plays on its travels on the sidewalk it should not be declared an outlaw, or excluded from

the usual remedies of the law. This seems to be a very plain case, both by reason and authority, that this little girl was a traveler on the walk when injured by reason of its defective condition.

5. Another ground of demurrer is that there was no notice in writing of the particulars of the injury given to the officers of the city within ninety days after its occurrence.

(1) There can be no question but that the statute requiring notice is applicable. The statute took effect after the lapse of about fifty days, leaving forty days in which it could have been complied with. *Plum v. Fond du Lac*, 51 Wis. 393; *Hughes v. Fond du Lac*, 73 Wis. 380. There was no notice in writing in the *usual form* of a notice given.

(2) The notice may be given by the party or by his agent or attorney. The father of the plaintiff, and her natural guardian, could have given the notice in her behalf as her agent. This was necessary, she being under disability of infancy. A notice by one of the beneficiaries of the damages is sufficient for all of them. In *Parish v. Eden*, 62 Wis. 272, a child was killed by a defective highway. The father gave the notice, and afterwards sued as administrator for the benefit of himself and the mother. The mother gave no notice. That was a stronger case than this, because the father, as such, had no right to act for his deceased child before his appointment as administrator. The court said in that case: "Notice either by the administrator or *one of the beneficiaries* is sufficient to charge the town for the *whole* damages. Such a notice informs the town of the location and nature of the alleged defect in the highway. This is all the statute requires." The complaint of Elisha R. Reed, the father of the plaintiff, against the city for his share of the damages caused by the injury of his infant daughter, duly served on the mayor on the 11th day of October,— within about one month after the accident,— contains everything that a formal notice is required to

Reed vs. The City of Madison.

state, and even more.   It " stated the place where the damage occurred, and described the insufficiency or want of repair which occasioned it, and stated that satisfaction thereof is claimed of such city." If the matters stated in that complaint had been contained in a formal notice given by the father, there can be no question but that it would have been sufficient.   The same matters are contained in a complaint duly verified.   Under the above decision of this court, the notice, even in such form, was certainly substantially sufficient to answer the requirement of the statute as a condition precedent to the bringing of this suit.   The main and essential thing was a notice to the mayor of the facts required to be communicated to him in writing, and this was done.   The objection to the sufficiency of such notice is technical, and not substantial.   In *Taylor v. Woburn*, 130 Mass. 494, the minor son was killed, and two minor daughters injured, by the defect in the highway.   The father gave a notice to the town officers of the defect and injury.   That notice was held sufficient in his own case as administrator, and in the two cases brought by the daughters.

*First*, the complaint in that case was a sufficient notice; and, *second*, the plaintiff has the right to avail herself of it as a condition precedent to the commencement of this action; *third*, there was nothing in respect to the infancy of the plaintiff when the accident occurred that precludes her recovery.   It follows, therefore, that the complaint states a sufficient cause of action, and that the demurrer was improperly sustained.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.