NICHOLAS A. LYNCH *vs.* FISK RUBBER COMPANY.

Suffolk. March 10, 1911. — May 18, 1911.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Negligence*, In use of highway, In driving automobile.

If a man, who is employed by marketmen in a city to deliver goods to their customers, which he carries either in bundles or on his shoulders, when returning to his place of employment after making such a delivery, has occasion to pass

over a crosswalk of a public street, and before starting on the crosswalk looks in each direction and sees that everything "looks clear," and if when he is on the crosswalk he is run into and injured by a motor car, whose driver has been engaged in conversation with an occupant of the car, toward whom he has turned his head, and is giving little if any attention to travellers in front of him, the person thus injured, in an action brought by him against the owner of the car, has a right to go to the jury, who are to say whether the plaintiff was in the exercise of due care and whether under the circumstances the inattention of the driver was sufficient proof of his negligence.

BRALEY, J.    This is an action to recover for personal injuries suffered by the plaintiff from being run over by an automobile, owned and operated by the defendant, while they were concurrently using a public way.*  In the Superior Court at the close of the plaintiff's evidence, a verdict was ordered † for the defendant, and the case is here on exceptions.

It is the defendant's contention, that there was no evidence of the plaintiff's due care or of the defendant's negligence.    The plaintiff was employed by marketmen to deliver goods to their customers, which he carried in bundles either on his shoulders or in his arms.    After making a delivery on the day of the accident he was returning to his place of employment when it became necessary to pass over the street where he was struck, while on the crosswalk, by the automobile, and the jury could find that before starting he looked in each direction and saw that " everything looked clear."    But, even if he had not taken this precaution, his conduct under the circumstances would not, as matter of law, have prevented his recovery if he had been injured by a passing team.    *Murphy* v. *Armstrong Transfer Co.* 167 Mass. 199.    And the fact that the defendant's conveyance was an automobile instead of a horse drawn vehicle is immaterial.    *Hennessey* v. *Taylor*, 189 Mass. 583.    The jury further could have found that when the collision occurred the defendant's driver, having been engaged in conversation with an occupant of the car, with his head turned toward his companion, was giving little, if any, attention to travellers in front of him.    It was for them to say, whether this inattention under the circumstances was sufficient proof of his negligence.    The case cannot

---

* Summer Street in Boston.

† By *Brown,* J.

be distinguished in principle from *Donovan* v. *Bernhard*, 208 Mass. 181, and should have been submitted to the jury.

*Exceptions sustained.*

*D. W. Corcoran*, for the plaintiff.

*W. H. Hitchcock*, for the defendant.