MARY E. BAKER, Respondent, *v.* WILLIAM J. CLOSE et al., Appellants.

**Motor vehicles — negligence — relative rights and duties of pedestrians and persons operating motor vehicles at street crossings.**

At street crossings both pedestrians and drivers are required to exercise that degree of prudence and care which the conditions demand. A pedestrian at such crossing is not required to look both ways and listen, but only to exercise such reasonable care as the case requires, for he has the right to assume that a driver will also

exercise due care and approach the crossing with his vehicle under proper control, and the rule which fixes the rights of drivers of ordinary vehicles in the use of street crossings is not relaxed in favor of automobiles.

*Baker* v. *Close,* 137 App. Div. 529, affirmed.

(Argued December 22, 1911; decided January 9, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 11, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Dewey Loucks* for appellants. The plaintiff not only failed to show herself free from contributory negligence, but was guilty of contributory negligence as a matter of law. (*Perez* v. *Sandrowitz,* 180 N. Y. 397; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.,* 58 N. Y. 248; *Tucker* v. *N. Y. C. & H. R. R. R. Co.,* 124 N. Y. 308; *Barker* v. *Savage,* 45 N. Y. 191; *Fuller* v. *Dietrich,* 35 App. Div. 93; *McLane* v. *B. C. Ry. Co.,* 116 N. Y. 459; *Dolfini* v. *E. R. R. Co.,* 178 N. Y. 1; *McKinley* v. *M. R. R. Co.,* 91 App. Div. 153; *Fidler* v. *N. Y. C. & H. R. R. R. Co.,* 64 App. Div. 95; *O'Reilly* v. *B. H. R. R. Co.,* 82 App. Div. 492; *Little* v. *T. A. Ry. Co.,* 83 App. Div. 330; *Barney* v. *M. S. Ry. Co.,* 94 App Div. 388.) ·

*Edgar T. Brackett* for respondent. Plaintiff was free from contributory negligence. (*Shaw* v. *Jewett,* 86 N. Y. 616; *Greany* v. *L. I. Ry. Co.,* 101 N. Y. 419; *Henavie* v. *N. Y. C. & H. R. R. R. Co.,* 166 N. Y. 280; *Zwack* v. *N. Y., L. E. & W. R. R. Co.,* 160 N. Y. 362; *Pitts* v. *Erie R. R. Co.,* 79 Hun, 546; 152 N. Y. 623; *Waldele* v. *N. Y. C. & H. R. R. R. Co.,* 4 App. Div. 549; *Berkery* v. *E. Ry. Co.,* 55 App. Div. 489; 172 N. Y. 636; *Flanagan* v. *N. Y. C. & H. R. R. R. Co.,* 70 App. Div. 505; 172 N. Y. 631; *Tolman* v. *S., B. & N. Y. R. R. Co.,* 31

Hun, 397; *Moebus* v. *Herrmann*, 108 N. Y. 349; *Hickman* v. *Schrimper & Co.*, 125 App. Div. 216.)

WERNER, J. The plaintiff was run down at a busy street crossing in Schenectady by an automobile owned by the defendants and driven by their employee. The collision occurred under circumstances which are variously narrated by different witnesses, but the negligence of the defendants' driver was practically conceded on the argument, and the most cursory perusal of the record discloses such a conflict of testimony as to the plaintiff's alleged contributory negligence, that it clearly presented a question of fact upon which the verdict is conclusive. As there are no exceptions which merit discussion, this would be a proper case for affirmance, without opinion, were it not for the excellent opportunity it offers to restate a few familiar rules which, in this day of fast moving and powerful street vehicles propelled by mechanical energy, it is even more important for pedestrians and drivers to observe than it was in the earlier days, when carriages, wagons and trucks were drawn exclusively by horses.

The duty of the wayfarer to look both ways, to listen and if necessary to stop at a grade street crossing of a steam railroad grows out of the obvious and constantly impending dangers which cannot always be avoided by drivers of steam engines drawing heavy trains at the high rate of speed which is necessary to insure efficient railroad service. The reason of the rule is so obvious that it needs neither explanation nor justification. In the nature of things the duty referred to must be imposed upon the wayfarer as a matter of law. It is different, however, as to the rights and duties of pedestrians and drivers in the use of crossings on our city streets. There the right of passage is common to all, and both footmen and drivers are bound to exercise reasonable care for their own safety and the safety of others upon the street. The

rigorous rule applicable to steam railroad crossings is necessarily relaxed at the usual street crossings, and the footman is not required, as matter of law, to look both ways and listen, but only to exercise such reasonable care as the case requires, for he has the right to assume that a driver will also exercise due care and approach the crossing with his vehicle under proper control. (*Buhrens* v. *Dry Dock, E. B. & B. R. R. Company*, 53 Hun, 571; affd., 125 N. Y. 702.) At such street crossings both pedestrians and drivers are required to exercise that degree of prudence and care which the conditions demand. (*Brooks* v. *Schwerin*, 54 N. Y. 343.) It is impossible to formulate any more precise definition of these relative rights and duties. The only modifications of this general rule, that there is an equality of right as between pedestrians and drivers in the use of the public streets, are that street cars which run upon a fixed or stationary right of way cannot turn aside to avoid collisions as other vehicles can, and to that extent they must have the right of way; and that a pedestrian who crosses a street at a place where there is no regular crossing may be chargeable with some additional vigilance because it is not a place set aside for the crossing of foot passengers, although even at such a place drivers are required to be watchful and careful. (*Moebus* v. *Herrmann*, 108 N. Y. 349.)

The application of these simple rules to drivers of automobiles is obvious. It is a fact of common knowledge that automobiles traverse our city streets at much greater speed than other vehicles, and yet they are more easily controlled. In crowded centers the danger is proportionate to the speed, and there seems to be no good reason why the care should not be measured by the danger. The rule which fixes the rights of drivers of ordinary vehicles in the use of street crossings cannot be relaxed in favor of automobiles, for while they are instrumentalities which afford great pleasure, convenience and utility to many, they are undoubted sources of danger to many

more.   The wisdom of carefully observing these simple rules of the road is well illustrated by the case in hand. If the defendants' driver had taken the wise precaution to check his speed at this crossing, or even to slightly change his course, the plaintiff would probably not have been injured, for the evidence is conclusive that she had all but escaped when she was caught by the running board on the farther side of the automobile.

The judgment must be affirmed, with costs.

CULLEN, Ch. J., GRAY, HISCOCK, CHASE and COLLIN, JJ., concur; WILLARD BARTLETT, J., absent.

Judgment affirmed.