JESSEN v. J. L. KESNER CO.

(Supreme Court, Appellate Division, First Department.   November 28, 1913.)

MUNICIPAL CORPORATIONS (§ 706*)—STREETS—INJURIES TO PERSONS ON STREETS
    —LOOK AND LISTEN RULE.

   The rigorous rule applicable to steam railroad crossings is necessarily relaxed at the usual street crossings, and pedestrians are not required as a matter of law to look both ways and listen for approaching vehicles, but only to exercise reasonable care, as they have the right to assume that drivers of vehicles will also exercise reasonable care and approach the crossing with their vehicles under control.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 706;*]

   McLaughlin and Dowling, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Andrew F. Jessen, as administrator of the goods of Augusta M. Jessen, deceased, against the J. L. Kesner Company. From a judgment for plaintiff and an order denying motion for a new trial, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Edgar J. Treacy, of New York City, for appellant.
Joseph M. Lesser, of New York City, for respondent.

PER CURIAM.   We think it was not error to submit the case to the jury.  The substantial question presented on this appeal is whether there was evidence from which the jury could find that the deceased was free from contributory negligence.

We think the jury was justified in finding that, at the time the decedent passed behind the trolley car, the automobile was at such a distance from her that it would not have been contributory negligence for her to pass in front of it, if she saw it.

"The rigorous rule applicable to steam railroad crossings is necessarily relaxed at the usual street crossings, and the footman is not required, as matter of law, to look both ways and listen, but only to exercise such reasonable care as the case requires, for he has the right to assume that a driver will also exercise due care and approach the crossing with his vehicle under proper control."  Baker v. Close, 204 N. Y. 92, 97 N. E. 501, 38 L. R. A. (N. S.) 487.

Judgment and order affirmed, with costs.

McLAUGHLIN and DOWLING, JJ., dissent on the ground that there is no evidence from which the jury could find that the decedent was free from contributory negligence.