RAYMOND AIKEN v. OLIVER METCALF.

February Term, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed May 6, 1916.

*Injuries by Automobile—Due Care of Driver and of Pedestrian
—Burden of Proof—Relative Rights of Driver and Pedes-
trian—Contributory Negligence—Question for Jury.*

In an action for injuries to a pedestrian on a public highway by being
    run down by an automobile, the burden is on plaintiff to produce
    direct or circumstantial evidence from which the jury can reason-
    ably infer that plaintiff was in the exercise of due care.
A pedestrian and the driver of an automobile have equal and reciprocal
    rights in the public highway, and each is bound to use his right so
    as not to interfere with that of the other.
A pedestrian and the driver of an automobile in a public highway are
    each bound to exercise due care in avoiding danger, which is care
    commensurate with the danger arising from the lack of it, and so
    the driver of an automobile, which because of its speed, weight, and
    quietness of locomotion can do great damage, must exercise a
    greater and more constant caution in the use of a public highway
    than is required of a pedestrian.
The "look-and-listen" rule, prescribing the vigilance to be exercised
    by one approaching a railroad-highway crossing at grade, does
    not apply to a pedestrian crossing a public highway, who is not
    required, as matter of law, in all circumstances to look out for an
    approaching automobile, but only to exercise for his own safety
    that degree of care which a prudent man would exercise in the
    same circumstances.
A pedestrian crossing a public highway has the right to assume, noth-
    ing appearing to the contrary, that the driver of any approaching
    automobile will obey the law and not drive in a careless or negligent
    manner, prohibited by No. 101, Acts 1908, and will observe the
    usual road rules, and not, in ordinary circumstances, take the left
    side of the road.
In an action against an automobile driver for running down a pedes-
    trian while he was crossing a public highway in a small village,

whether plaintiff was guilty of contributory negligence in looking in the direction whence the automobile came when he started to cross, but not afterwards, was for the jury, where the distance to be covered in crossing was about 90 feet, there was a clear view for about 15 rods, and plaintiff was struck when he had nearly crossed.

CASE for negligence. Plea, the general issue. Trial by jury at the September Term, 1915, Orleans County, *Slack*, J., presiding. Verdict directed for the defendant, and judgment thereon. The plaintiff excepted. The opinion states the case.

*Cook & Norton* for the plaintiff.

*J. W. Redmond* for the defendant.

POWERS, J. The plaintiff was run down by the defendant's automobile and suffered injuries on account of which he seeks damages in this action.

At the time of the accident, he was crossing a street in the village of Irasburg, and was passing northwesterly on a cross-walk. This street was on the easterly side of the common,—an open park of two or three acres. To the south of the cross-walk, and a few rods away, the road forked, one branch turning sharply to the west and running along the south side of the common, and the other branch bearing to the east and running down a slope toward Glover. On the east side of the street, nearly opposite the point of the accident, were the town hall and about forty-five feet south thereof a building containing two stores. The cross-walk extended from a point near the north-east corner of the store-building diagonally across the street, bearing to the north, to a walk that extended across the common to its north-west corner. It was broad daylight, and no other person, vehicle or object was in any part of the roads or streets named, except the witness Semino, who was following the plaintiff across the street and was some ten feet behind him. The automobile came from the south; but whether it came along the south side of the common or up from the Glover road is not shown by the record. There were photographs in the case which, at the defendant's request, were marked by witnesses so as to show the point in the road where the plaintiff was hit and the point where the automobile stopped after the accident.

From these it appears that the plaintiff had reached a point a step or two from the grass on the west side of the roadway, and that the machine ran a distance of forty feet or more before it stopped.

A verdict was ordered in the court below for the defendant on the ground of contributory negligence. It is here argued that the record shows no evidence tending to show negligence on the part of the defendant. But we cannot indorse this claim, and only take the time to say that the evidence tended to show that the defendant was negligent if not reckless, and that the accident would not have happened if he had exercised any care whatever to have prevented it.

The question of contributory negligence is much more difficult. On this branch of the case, as all admit, the burden was on the plaintiff to produce evidence, direct or circumstantial, from which the jury could reasonably infer that he was in the exercise of due care. At first glance, it must be admitted, it is difficult to say that he has met the requirements of this rule, for he could have avoided the accident easily enough if he had looked toward the south while he was crossing the street. But in considering whether he was in the exercise of due care, several legal rules must be kept in mind. The plaintiff and defendant had equal and reciprocal rights in the use of the highway, and each was bound to so make use of his own right as not to interfere with that of the other. Each was bound to exercise due care; but the degree of watchfulness which this rule imposed upon them was not the same. The defendant was driving a machine, which on account of its speed, weight and quietness was capable of doing great damage, and the law puts upon one so situated a greater and more constant caution. He was bound to exercise care commensurate with the dangers arising from a lack of it. *Deputy* v. *Kimmell,* 51 L. R. A. (N. S.) 989, 80 S. E. 919; *O'Dowd* v. *Newnham,* 13 Ga. App. 220, 80 S. E. 36; *Brown* v. *Thayer,* 212 Mass. 392, 99 N. E. 237. While the rule which applies to the plaintiff is the same in terms, it is not the same in its practical application. Nor did the rule applicable to one approaching a railroad crossing apply to this plaintiff. The look-and-listen rule, *Baker* v. *Close,* 204 N. Y. 92, 97 N. E. 501, 38 L. R. A. (N. S.) 487, and the constant vigilance rule, *Gerhard* v. *Ford Motor Co.,* 155 Mich. 618, 119 N. W. 904, 20 L. R. A. (N. S.) 232; *Hennessey* v. *Taylor,* 189 Mass. 583, 76 N. E.

224, 3 L. R. A. (N. S.) 345, 4 Ann. Cas. 396; *Lynch* v. *Fisk Rubber Co.,* 209 Mass. 16, 95 N. E. 400; *Graham* v. *Hagmann,* (Ill.) 110 N. E. 337, do not apply to a pedestrian using the public highway. The law does not impose upon him these hard and fast rules of conduct. It simply requires that he shall exercise for his own safety the measure of care that a prudent man would exercise in the same circumstances. But as circumstances vary so do the practical requirements of the rule vary. What is prudence in one case, may be negligence in another, recklessness in another, and downright foolhardiness in still another. The farmer on a back and unfrequented highway is not held to the same degree of vigilance when he crosses the road to his barn as is the man who attempts to cross a busy city street crowded with traffic. The circumstances and dangers are always to be taken into account in determining what is due care or the evidence of it. *Benedict* v. *Union Agricultural Society,* 74 Vt. 91, 52 Atl. 110; *Bachelder* v. *Morgan,* 179 Ala. 339, 60 South 815, Ann. Cas. 1915 C, 888; *Hennessey* v. *Taylor,* 189 Mass. 583, 73 N. E. 224, 3 L. R. A. (N. S.) 345, 4 Ann. Cas. 396; *Graham* v. *Evening Press Co.,* 135 Mich. 302, 97 N. W. 697; *Shea* v. *Reems,* 36 La. Ann. 966.

When a pedestrian is about to cross a street he must use the care of a prudent man, but the law does not undertake to further define this standard. The law does not say how often he must look, or precisely how far, or when or from where. *Knapp* v. *Barrett* (N. Y.) 110 N. E. 428. "It cannot be laid down as a rule," says the court in *Undhejem* v. *Hasting,* 38 Minn. 485, 38 N. W. 488, "that in all cases, without regard to the extent to which the street is usually traveled, it is negligence for one on foot to cross it, or walk in it, without looking in each direction to see if a vehicle may be approaching. To do so upon a crowded city street, where vehicles driven rapidly, pass each way every instant, and where the crowd of vehicles prevents the drivers seeing readily a person on foot in a part of the street other than the crossings, and where, consequently, danger is nearly always present, might be so patently negligent that a reasonable mind could come to but one conclusion; while it would be otherwise if the street were but little frequented. In the latter case it might or might not be negligent, depending on other circumstances; such, for instance, as the length of time spent in the street without looking around." And this expresses

the settled law of the subject.  *Orr* v. *Garrabold,* 85 Ga. 373,
11 S. E. 778; *Hennessey* v. *Taylor, supra; Baker* v. *Close,* 204
N. Y. 92, 97 N. E. 501, 38 L. R. A. (N. S.) 487; *Adler* v. *Martin,* (Ala.) 59 So. 597; *Lynch* v. *Fisk Rubber Co.,* (Mass.) 95
N. E. 400; *Rump* v. *Woods,* (Ind.) 98 N. E. 369; *Deputy* v.
*Kimmell* (W. Va.) 51 L. R. A. (N. S.) 989.  Moreover, the
wayfaring man has a right to assume, nothing to the contrary
appearing, that the automobile driver will obey the law.
*Buscher* v. *N. Y. Trans. Co.,* 106 N. Y. App. D. 493, 94 N. Y.
Supp. 798; *Kathmeyer* v. *Mehl,* (N. J.) 60 Atl. 40; *Hennessey*
v. *Taylor, supra; Rump* v. *Woods, supra; Deputy* v. *Kimmell,
supra.*  And this means, when applied to the case in hand, that
the plaintiff had a right to assume that the defendant or any
other automobile driver, would not drive ''in a careless or negligent manner.''  No. 101, Acts 1908.  He also had a right to assume that the usual road rules would be observed, and that automobiles would not, in ordinary circumstances, take the left hand
side of the roadway.  With these rules in mind, we are to say
whether in the circumstances shown, the plaintiff's looking south
when he left the store, and not afterwards, was evidence fairly
and reasonably tending to show the caution of a prudent man.
We think it does.  Without going very deep into the mathematics of the situation, it may be asserted that the distance to
be covered by the plaintiff before he reached a place of safety
across the street—about 90 feet—would be traveled in from 20
to 25 seconds.  He was about to cross a vacant street in a quiet
country village.  No automobile was in sight to the south, in
which direction he had a clear view of about 15 rods.  Not another traveler was in the roadway.  We cannot say that a prudent man would not have assumed that he could safely cross
without looking again.  He was not bound as matter of law to
anticipate that within the 20 seconds an automobile driven at
dangerous speed and in utter disregard of his presence in the
street, would come out of the unseen distance and run him down.
It must be borne in mind that this plaintiff had passed beyond
the middle of the street, and had almost reached the grass on
the other side.  From this fact, the jury might reasonably infer
that a prudent man would give his chief attention to cars approaching him from the north and relax somewhat his watchfulness for cars approaching from the south.  *Mosso* v. *Stanton
Co.,* 75 Wash. 220, 134 Pac. 941, L. R. A. 1916 A, 943; *Benoit*

*v. Miller,* (R. I.) 67 Atl. 87. Take it all in all, the question of contributory negligence was for the jury. As is usual in such cases, it is easy enough to look back at this accident and see how a little more watchfulness on the plaintiff's part would have saved him. But this is not conclusive against him. He is to be judged by the situation as it appeared or ought to have appeared to him at the time. The mere fact of the collision is not necessarily inconsistent with the theory of due care on his part. *Ingram's Admrx.* v. *Rutland R. Co.,* 89 Vt. 278, 95 Atl. 544.

What we have said is not to be taken as implying that the evidence in such a case might not be so decisive in character as to justify an ordered verdict for the defendant; or that a pedestrian is to be excused from all diligence. On the contrary, these rules are admitted. We only hold that in the circumstances here shown, the plaintiff's conduct was not negligence per se, but some evidence of due care; and that the question whether it was cautious enough to satisfy the law was for the jury.

*Reversed and remanded.*