JOHN E. DERVIN BY NEXT FRIEND *v.* WILFRED FRENIER AND
THOMAS CARMODY.*

May Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed May 1, 1917.

*Motion to Direct Verdict—Negligence—Contributory Negligence
—Jury Questions—Violation of Statute—When Negligence
or Evidence of Negligence.*

On a motion by defendant for a directed verdict evidence offered by
plaintiff which is not impossible, although it may be unreasonable,
is for the jury to weigh and consider.

Under the circumstances, evidence *held*, sufficient to make the negli-
gence of defendants a question for the jury.

The fact that plaintiff, a boy of sixteen, was playing foot ball in a
public street did not relieve defendants of the obligation of exer-
cising due care in operating their automobile therein, and, after
seeing him, they were bound to proceed with that measure of
caution that a careful man who faced such a situation would ex-
ercise.

Under the circumstances, *held*, the question of plaintiff's contributory
negligence was for the jury.

A boy who engages in a game of foot ball in a public street is not
bound to use constant vigilance but has a right to assume that the
driver of an automobile will exercise the care the law requires
and give him some warning before running him down.

The violation of a statute is evidence of negligence, or negligence *per
se*, only when there is a proximate, causal connection between the
violation of the statute and the injury complained of, the statute
itself being silent on the subject.

The fact that defendant had not obtained a license to operate an auto-
mobile, as required by P. S. 4087, was a condition only and not a
cause of injuries sustained by plaintiff by being run into by an
automobile driven by defendant.

*This case was originally assigned to MUNSON, C. J.

CASE for negligence.   Plea, the general issue.   Trial by jury at the September Term, 1915, Rutland County, *Stanton,* J., presiding.   Verdict for plaintiff.   Defendant excepted.   The opinion states the case.

*Ernest H. O'Brien, William H. Preston* and *Joseph C. Jones* for defendants.

*Thomas W. Moloney, Bert L. Stafford* and *John S. Dorsey* for plaintiff.

POWERS, J.   One afternoon in the fall of 1914, the plaintiff, a boy sixteen years of age, while engaged with several others in kicking a foot ball back and forth on Cleveland Avenue, in the city of Rutland, was run over and injured by an automobile driven by the defendants.   This action is brought to recover the resulting damages.

At the very moment of the collision, the plaintiff was standing in the gutter on the east side of the street, at a point about three hundred feet north of State Street.   He was absorbed in the game but was mindful of the fact that automobiles were liable to pass over the street, and, while he stood facing north watching for the ball, he frequently looked behind him toward State Street for approaching automobiles.

The car driven by the defendants was a right-hand drive machine, and Carmody was at the wheel.   Frenier, who was selling the car to him, sat at his left, and was teaching him to run it.   All that Carmody was doing or expected to do in the actual operation of the car, was the steering.   Frenier was to manipulate the throttle, sound the horn, and work the brake. Frenier assisted in making the turn from State Street onto the avenue, and as the car made the turn, the defendants discovered the boys playing in the street.   The car proceeded north on the avenue at moderate speed; and without sounding the horn, turning aside, checking their speed, giving a warning shout, or making the slightest effort to avert an accident, the defendants ran the car against the plaintiff, thereby knocking him down, rolling him along on the ground some fifteen feet, ran over him, and finally brought the car to a stop thirty feet beyond the point where the plaintiff's unconscious form was left lying in the gutter.

In making the foregoing statement, we do not mean to assert that the evidence was all one way, or even that the facts set forth were established by a preponderance of the evidence, but only that there was evidence in the case which when viewed in the light most favorable to the plaintiff, fairly and reasonably warranted findings in accordance with those facts. We are prompted to this suggestion by the fact that the defendants in their brief wholly disregard the rule requiring us to construe the evidence in the plaintiff's favor and dwell upon the testimony tending to exculpate them. They say that the plaintiff's testimony was too unreasonable to be of probative force and should be disregarded. But it was for the jury to weigh and consider, since it was not impossible. *Roby* v. *Boston & Maine Railroad,* 91 Vt. 386, 100 Atl. 925.

At the close of the evidence, the defendants moved for a verdict on several grounds which may be summarized as follows: (1) There is no evidence tending to show negligence on the part of the defendants or either of them; (2) The plaintiff has failed to give evidence tending to show that he was in the exercise of due care.

1. The first ground assigned requires but little attention. The facts themselves speak too plainly to require much elaboration. For these defendants to proceed up the avenue, even at a speed of eight miles an hour (to say nothing of the evidence warranting the inference that they were going faster) all the time seeing this boy standing in the gutter with his back to them and apparently unmindful of their approach, and to run him down without the slightest effort to warn or avoid him, is so indicative of carelessness as to afford abundant evidence to make a question for the jury.

If the plaintiff was making an improper use of the street, this fact did not relieve the defendants of the obligation of exercising due care. They saw him, and they were thereafter bound to proceed with that measure of caution that a careful man who faced such a situation would exercise. *Robinson* v. *Cone,* 22 Vt. 213, 54 Am. Dec. 67; *Fertel* v. *Peck,* 80 Vt. 351, 67 Atl. 818. True it is that streets and highways are not established for playgrounds, and such use of them is not to be encouraged; but children always have and always will put them to that use to some extent, and they do not thereby become outlaws or trespassers, or necessarily forfeit their rights therein as travelers. *O'Brien*

*v. Hudner,* 182 Mass. 382, 65 N. E. 788; *Patrick v. Deziel* 223 Mass. 505, 112 N. E. 223; *Reed v. Madison,* 83 Wis. 171, 53 N. W. 547, 17 L. R. A. 733; *Busse v. Rogers,* 120 Wis. 433, 98 N. W. 219, 64 L. R. A. 183; *Compty v. Starke, etc., Co.,* 129 Wis. 622, 109 N. W. 650, 9 L. R. A. (N. S.) 652; *Ratcliffe v. Speith,* 95 Kan. 823, 149 Pac. 740; Blackmore, Motor Veh., § 1354; 2 Elliott, Roads & Streets, § 822. Even as to the matter of speed,—passing over for the moment the other factors involved,—which the defendants say was only eight miles an hour, the case was for the jury. *Adams v. Averill,* 87 Vt. 230, 88 Atl. 738.

2. Nor can it be said that there was no evidence that the plaintiff was in the exercise of due care. He was standing close to the edge of the grass on the east side of the street. Between that point and the edge of the grass on the other side of the street was a space fifty feet wide. The game had been going on from fifteen to twenty minutes. During that time he had looked behind him repeatedly for automobiles. Only one had passed in the time. He was not bound to use constant vigilance. *Aiken v. Metcalf,* 90 Vt. 196, 97 Atl. 669. He had a right to assume that an automobile driver would exercise the care the law requires of him, and that he would be given some warning before he was run down. He might have done more for his own protection, but it was for the jury to say whether he did enough to answer the requirements of the prudent man rule. id.; *Reed v. Madison, supra; Berler v. Kane,* 139 App. Div. 76, 123 N. Y. Supp. 835; *Hyde v. McCreery,* 145 App. Div. 729, 130 N. Y. Supp. 271; *Ratcliffe v. Speith, supra;* 2 Elliott, Roads and Streets, 821; Blackmore, Motor Veh., § 1353; *Booth v. Meagher,* 224 Mass. 472, 113 N. E. 367.

Subject to objection and exception, the plaintiff was allowed to show that neither of the defendants, at the time of this accident, had a license to operate an automobile as required by P. S. 4087; and the court charged the jury that this fact was evidence of negligence on their part, to which instruction the defendants excepted. This was error. There are many cases in which the violation of a statute is properly held to be evidence of negligence or even negligence *per se,* (*Grand Trunk Ry. Co. v. Ives,* 144 U. S. 408, 36 L. ed. 485, 12 Sup. Ct. 679; *Kilpatrick v. Grand Trunk Ry. Co.,* 74 Vt. 288, 52 Atl. 531, 93 Am. St. Rep. 887), but by the better reasoning this is so (the statute itself being silent on the subject) only when there is a proximate,

causal connection between the violation of the statute and the injury complained of. *Lindsay* v. *Cecchi*, 3 Boyce (Del.) 133, 80 Atl. 523, 35 L. R. A. (N. S.) 699; *Bourne* v. *Whitman*, 209 Mass. 155, 95 N. E. 404, 35 L. R. A. (N. S.) 701; *Hyde* v. *McCreery, supra; Hoadley* v. *International Paper Co.*, 72 Vt. 79, 47 Atl. 169. The illegality of the defendant's act was a mere condition and not a cause of the plaintiff's injury.

*Reversed on the question of liability only, and remanded for new trial thereon.*