WARREN PORTER *v.* PATRICK H. FLEMING.

November Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed November 4, 1931.

*Robert E. Susena* for the defendant.

*Carpenter & Clawson* for the plaintiff.

MOULTON, J. Westminster Street in the village of Bellows Falls runs approximately north and south. Atkinson Street joins it at an angle from the northwest. Just south of Atkinson Street, Old Terrace Street branches out from Westminster Street in a southwesterly direction. In the middle of the space formed by the junction of the three streets there is a small triangular plot of ground, surrounded by a curb, and containing a monument. There is, or was at the time of which we are speaking, an automatic traffic light at the entrance of Old Terrace and another at the entrance of Atkinson.

On the day in question the plaintiff drove his automobile southerly on Westminster Street, passing to the north and west of the monument and turned into Old Terrace Street. As he crossed the entrance of Atkinson Street he ran over a bottle, and he stopped his car in Old Terrace and got out to pick up the broken glass. While he was thus engaged in the roadway, at the side of his car, he was struck and injured by an auto-

mobile driven by the defendant in the same direction as that from which he had come. On trial by jury the verdict was for the plaintiff, and the case is here upon the defendant exceptions.

■ The defendant offered in evidence a certified copy of an ordinance of the village of Bellows Falls by which provision was made for the regulation of traffic at street intersections where automatic lights had been installed. The purpose stated was to show that the defendant had the right to proceed, the signal being in his favor, and that the plaintiff was in the street when the signal was against him. The offered exhibit was excluded and the defendant excepted. There was no error in the ruling. The evidence showed that neither the plaintiff nor his car were, at the time of the accident, within the area controlled by the lights Besides this the ordinance had to do only with vehicles moving in opposite directions at the point of intersection. It did not affect those proceeding in the same direction, or the passing of vehicles not in motion, or the movements of pedestrians. The same question was presented in other forms at varying times during the trial, but all the exceptions taken by the defendant in these instances are sufficiently answered by what we have just said.

■ At the close of the evidence the defendant moved for a directed verdict. The motion was denied and the defendant excepted. The evidence taken, as it must be, in the light most favorable for the plaintiff (*Cummings* v. *Ins. Co.*, 101 Vt. 73, 85, 142 Atl. 82), tended to show the following facts: Cement was in the process of being laid in Old Terrace. The roadway had been completed for a distance of 40 feet from Westminster Street, with the exception of a comparatively narrow strip, and the curb on the northerly side, where there was nothing but "loose dirt and holes." At the southerly side of the junction with Westminster Street there was a triangular space fenced in with planks laid upon barrels, but this did not interfere with traffic on Old Terrace. The plaintiff stopped his car on Old Terrace to the right of the center of the cement. There was sufficient room for two cars to pass on the cement abreast on the left, but a space of 6 feet between plaintiff's car and the edge of the cement on the right. When he got out the plaintiff looked up and down all three streets and saw no vehicle approaching. He picked up a handful of glass, walked to the northerly side of Old Terrace, and threw the glass beyond the

cement. Then he went back and picked up another handful, and as he did so he saw the defendant's automobile approaching from the north on Westminster Street about 400 feet away. He threw out ·the glass which he had collected and returned to his car, this time observing that the defendant was turning into Old Terrace, and apparently about to pass behind his automobile and to the left of it. The plaintiff was then in the roadway, to the right of his car and between it and the northerly edge of the cement. He stopped to pick up more glass and was a foot or two away from the right hand side of his car. The defendant, however, attempted to pass to the right and in so doing struck the plaintiff. When he saw the defendant's car a few feet from him, the plaintiff vainly attempted to escape by leaping to the right to reach the edge of the cement. The defendant did not sound his horn; his brakes were in good condition; and his view had been unobstructed for 400 to 500 feet. The speed of his car was about 15 miles an hour. The defendant testified that he knew that someone was near the plaintiff's car, but that he did not see the plaintiff until he was about 5 feet from him. He did not attempt to turn to one side but went straight forward without leaving the cement, and his car was stopped some 16 feet beyond the place where the plaintiff was struck.

The defendant contends that the evidence showed, as a matter of law, contributory negligence on the part of the plaintiff. But this claim is untenable. There was clearly a question for the jury upon this issue. The plaintiff was not obliged to use constant vigilance and he had the right to assume that the defendant would exercise the care which the law required of him and that he would be given some warning before he was run down. *Dervin* v. *Frenier*, 91 Vt. 398, 401, 100 Atl. 760; *Aiken* v. *Metcalf*, 90 Vt. 196, 200, 97 Atl. 669. His care and diligence is to be measured in view of this assumption. *Crossman* v. *Perkins*, 101 Vt. 94, 98, 141 Atl. 594. We may take judicial notice of the custom of passing a standing car on the left by one approaching from behind it and in the same direction when the street upon that side is clear of obstruction and of sufficient width and the passage may be made safely. *Lee* v. *Donnelly,* ·95 Vt. 121, 127, 113 Atl. 542. Having observed that the defendant was to all appearance about to follow this custom the plaintiff was justified in the assumption that he

would continue to do so. He might, it is true, have saved himself by a little more watchfulness, but he is to be judged by the situation as it appeared or ought to have appeared to him at the time. *Aiken* v. *Metcalf, supra,* page 201 of 90 Vt., 97 Atl. 669. Whether he acted as a prudent man would have acted under the then existing circumstances was for the jury to say.

■ Nor does the fact that the plaintiff, when he saw that the defendant's car was upon him, leaped for the side of the street and in so doing crossed the path of the oncoming automobile conclusively show contributory negligence. He did not, according to the tendency of his evidence, leave a place of safety in so doing, because he was already in danger where he was. He was faced with a sudden and unexpected danger, and had to act instantly. Here again, whether, in the light of the surrounding circumstances, he acted as a prudent man would have done, was for the jury. *Lee* v. *Donnelly, supra.*

■ With regard to the issue of the negligence of the defendant, all that is said in his brief is that the evidence fails to show any negligent act on his part. This, being no more than, or indeed as much as, appears in the motion itself, is insufficient briefing, and we give it no consideration. See *Temple et ux.* v. *Atwood,* 100 Vt. 371, 373, 137 Atl. 321.

After the motion for a verdict had been made and overruled, both parties withdrew their rests and some further evidence was introduced. The motion was not thereafter renewed. We have, however, considered the points raised by it and briefed by the defendant, without reference to any question as to the waiver of the exception by this procedure. See *Campbell* v. *Bryant,* 98 Vt. 486, 488, 129 Atl. 299; *Hobbs & Son* v. *G. T. Ry. Co.,* 93 Vt. 392, 397, 108 Atl. 199; *Noyes et al.* v. *Parker,* 64 Vt. 379, 385, 24 Atl. 12.

■ The defendant has briefed five exceptions to the charge and several others to the refusal to charge as requested. But in no instance was the claimed defect pointed out to the trial court and no ground of objection was stated. Consequently these exceptions are unavailing. *Thurston* v. *Batchellor,* 100 Vt. 334, 339, 137 Atl. 199; *Hambleton* v. *U. Aja Granite Co.,* 96 Vt. 199, 204, 118 Atl. 878; *In re Healy's Will,* 94 Vt. 128, 134, 109 Atl. 19; *Cummings* v. *Ins. Co., supra,* 101 Vt. 92, 142 Atl. 82, 90, and cas. cit.

■

■■ A motion to set aside the verdict was overruled and the defendant excepted. The grounds relied upon are that the verdict was against the evidence and .contrary to law. The first ground was directed to the sound discretion of the trial court, and no abuse thereof is made to appear. *Robinson* v. *Leonard*, 100 Vt. 1, 11, 134 Atl. 706; *French* v. *Whelden*, 91 Vt. 64, 69, 99 Atl. 232. And the reason why the verdict is claimed to be contrary to law does not appear to have been indicated to the trial court, and therefore is not for consideration here. *Higgins' Admr.* v. *Metzger*, 101 Vt. 285, 298, 143 Atl. 394.

*Judgment affirmed.*

NOTE. When this case was argued at the November Term, 1930, it was assigned to Mr. Justice Willcox. Upon his retirement from the bench, and at the October Term, 1931, it was reassigned to Mr. Justice Moulton.