BERNICE FARRELL, b. n. f. *v.* WILLIAM GREENE ET AL.

October Term, 1938.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 1, 1938.

88

*J. Boone Wilson, Charles F. Black* and *Willsie E. Brisbin* for the plaintiff.

*Austin & Edmunds* for the defendants.

MOULTON, C. J. While crossing the street in front of her home Bernice Farrell, a school girl of fifteen years of age, was struck and injured by an automobile owned by the defendant Pease and driven by the defendant Greene. A verdict in her favor was obtained against Greene, the action having previously been discontinued against the other defendant. Upon motion on behalf of Greene this verdict was set aside as a matter of law, and judgment rendered for Greene to recover his costs. The cause is here upon exceptions by the plaintiff.

There is no claim that the defendant was not negligent; in fact, it is conceded that he was in that he was driving at an excessive speed, which the evidence amply tended to show.

The ground of the motion is that the evidence conclusively showed that the plaintiff was contributorily negligent. Therefore the ruling, being one of law and not lying in the discretion of the trial court, is subject to review. *French* v. *Wheldon,* 91 Vt. 64, 68, 99 Atl. 232.

The evidence must be taken in the most favorable light for the plaintiff, since in this respect the motion is the same in nature and substance as a motion for a directed verdict. *Belock et al.* v. *State Mut. Fire Ins. Co.,* 106 Vt. 435, 440, 175 Atl. 19, and cases cited; *Spaulding* v. *Mut. Life Ins. Co.,* 94 Vt. 42, 57,

109 Atl. 22; *Wellman* v. *Wales,* 98 Vt. 437, 438, 129 Atl. 317. And if the trial court was right in holding that the effect of the evidence was as the defendant claimed it to be, the entry of judgment in his favor was without error. *Tarbell* v. *Grand Trunk Ry. Co.,* 94 Vt. 449, 451, 111 Atl. 567.

The testimony bearing upon the issue of contributory negligence was largely that of the plaintiff herself and was undisputed. Her home was on the east side of the street which ran approximately north and south and was of macadam construction, 21 feet wide in the paved surface, with gravel shoulders of some 2 or 3 feet in width on each side. A little after five o'clock on a late November afternoon she alighted from a southbound bus directly across the street from her home. It was dark. She stood by the side of the road until the bus had proceeded about 50 feet on its way, and, looking to the north, saw nothing; she looked to the south and saw the lights of the defendant's car, then, as she estimated, some 500 to 600 feet away. She started across the street, walking at a moderate pace, which she did not vary, looking all the time at the lights of the approaching automobile. She observed that it was proceeding toward her at a constant speed. When she was half way across, it was opposite a building about 300 feet away. She considered herself in no danger until she approached the easterly side of the street, when the car was, as she estimated, 10 to 15 feet away from her, and it was then too late to escape. She was struck just as she stepped off the paved surface.

The burden was upon the plaintiff to show her freedom from contributory negligence. *Parro* v. *Meagher,* 108 Vt. 182, 188, 184 Atl. 885; *Palmer* v. *Marceille,* 106 Vt. 500, 501, 175 Atl. 31, and cases cited. She had the right to assume that the defendant would not drive in a negligent manner, but she could not for that reason omit any care which the law required of her, as the rule applies only in favor of one whose own conduct measures up to the standard of due care. *Parro* v. *Meagher,* *supra; Eagan* v. *Douglas,* 107 Vt. 10, 17, 175 Atl. 222; *Rush* v. *Cody,* 107 Vt. 326, 330, 178 Atl. 891; *Steele* v. *Fuller,* 104 Vt. 303, 308, 158 Atl. 666. In any event she was entitled to proceed upon this assumption only until, in the exercise of reasonable care, she saw or ought to have seen that it was unwarranted. *Eisler* v. *Wilder,* 108 Vt. 37, 41, 182 Atl. 204; *Mooney* v. *McCarthy,* 107 Vt. 425, 430, 181 Atl. 117.

■ It is incredible that, had she used such ordinary prudence as a person of her age is bound to exercise (*Eagan* v. *Douglas, supra*; *Johnson's Admr.* v. *Rutland R. R. Co.*, 93 Vt. 132, 137, 106 Atl. 682), as she walked across the street with her eyes constantly upon the lights of the defendant's car, she should not have appreciated its rapid approach and have realized that a reasonable regard for her safety required her either to accelerate her pace or to retreat from her position. A little haste in advancing or a retracing of her steps would have given her escape. Instead of taking one of these obvious precautions, she pursued her unhurried way directly into the path of the oncoming automobile with full knowledge of its unabated speed. There is no claim that she was confronted by a sudden emergency, into which she had been thrown without her fault, which confused her mind and clouded her judgment. Her conduct, up to the time that the collision became imminent, was deliberate and voluntary.

It is hardly necessary to point out that the decisions upon which the plaintiff heavily leans (*Aiken* v. *Metcalf*, 90 Vt. 196, 97 Atl. 669; *Dervin* v. *Frenier*, 91 Vt. 398, 100 Atl. 760; *MacDonald* v. *Orton*, 99 Vt. 425, 134 Atl. 599; *Parker* v. *Smith*, 100 Vt. 130, 135 Atl. 495; *Porter* v. *Fleming*, 104 Vt. 76, 156 Atl. 903; *Howley* v. *Kantor*, 105 Vt. 128, 163 Atl. 628) are factually distinguishable from the case before us. In the cases just cited, there was evidence tending to show that the plaintiff was unaware of the situation, and it was held that he was not bound to use constant vigilance in looking out for it, being entitled to assume that the defendant would obey the law. Here the plaintiff kept constant watch and, at the very least, ought to have known her danger. We do not say that, as a matter of law, she was negligent in starting to cross the street, for it is not necessary to decide that question. Her negligence, so far as material here, consisted in her continued progress in the manner and under the circumstances which have been made to appear.

■ The practical requirements of the prudent man rule vary with the circumstances. ''What is prudence in one case, may be negligence in another, and downright foolhardiness in another.'' *Aiken* v. *Metcalf, supra,* at p. 199, 97 Atl. at page 670. The law must be applied to each controversy as may be warranted by the facts.

There was no error in the ruling below.

*Judgment affirmed.*