GERTRUDE MORIN and WILFRED MORIN, Respondents, *v.* STAR PLUMBING CO., INC., and BENJAMIN RABINOWITZ, Appellants.*

Judgment affirmed, with costs. No opinion. Present — Finch, P. J., McAvoy, Martin, O'Malley and Townley, JJ.; O'Malley, J., dissents and votes to reverse and dismiss complaint; McAvoy, J., taking no part.

O'MALLEY, J. (dissenting). The plaintiff wife has recovered judgment for personal injuries predicated upon the negligence of the defendants, and, of course, her own freedom from contributory negligence. The plaintiff husband's judgment is based upon loss of services. We are of opinion that the judgment may not stand for the reason that plaintiffs failed to show that plaintiff wife was free from contributory negligence. On the day of the accident she had applied for and secured the position as housekeeper in a rooming house on the north side of West Twenty-eighth street between Eighth and Ninth avenues in the city of New York. Proceeding to her home to secure working clothes, she started easterly towards Eighth avenue and in a diagonal direction from the northerly to the southerly crosswalk. There was a single car track in the middle of the street. Her testimony was to the effect that while she was on the sidewalk approaching the curb she looked west towards Ninth avenue and saw an automobile coming east at a distance of about six or seven houses away from where she started. She kept it under observation until she reached the curb but was unable to say at that time how fast the automobile was traveling or how far away it was. At that time the automobile according to plaintiffs' witness Kapner was from four to five houses

to the west of where the plaintiff was about to cross and was proceeding easterly in the middle of the street. After leaving the curb the plaintiff did not again look to her right, but proceeded in what she described as " moderate speed " or her " regular pace in walking." When she reached the centre of the street and was between the rails of the track she looked again for the first time. It was then too late as the car was upon her and she was hit and thrown to the street. The testimony of Kapner the proprietor of the rooming house did not differ substantially from that of the plaintiff. He testified that the individual defendant, Rabinowitz, who was an officer of the corporate defendant and was operating the automobile at the time of the accident, applied his brakes when the automobile was from twenty to twenty-five feet to the west of the gate of the premises at which the witness was standing and from which point the plaintiff wife started to go to her home. According to the estimate of this witness, who had driven cars, the defendants' automobile was traveling at that time about fifteen miles an hour. Concededly, the car skidded on wet pavement. The testimony of the defendant Rabinowitz was to the effect that he was proceeding slowly behind a street sprinkler; that there were cars parked on both sides of the street and that the plaintiff wife suddenly came from the northerly sidewalk between two parked cars and slipped and fell at a point about five feet from the point where he applied his brakes. He testified that when he put on his brakes the car skidded, but denied that the car came in contact with the plaintiff wife. Assuming without conceding that the evidence was sufficient to show negligence on the part of the defendants, we are of opinion that the plaintiff wife was negligent in attempting to cross the street under the circumstances disclosed. On her own testimony she left the curb without knowing the speed of the approaching automobile, nor its distance from her to the right. She left the curb proceeding at an ordinary pace in a southwesterly direction until she reached the middle of the street. She knew at the time that this car was approaching from her right, and partially to her rear, yet she took the chance of continuing to the middle of the street before she again looked. At this time, as already noted, the defendants' automobile was upon her and the accident was unavoidable. Mere recital of the facts necessarily leads to the conclusion that the finding that the plaintiff wife was free from contributory negligence is contrary to the evidence. She was crossing, not at a regular intersection, but in the middle of a block. Consequently " additional vigilance " on her part was required (*Baker* v. *Close*, 204 N. Y. 92; see, also, our most recent decision, *Porter* v. *New York City Interborough R. Co.*, 235 App. Div. 525, affirmed by the Court of Appeals February 28, 1933).* As the right of the plaintiff husband to recover is dependent upon the right of plaintiff wife, it follows that the complaint as to both causes of action should be dismissed. The judgment should, therefore, be reversed, with costs and the complaint dismissed, with costs.