## FITZGERALD v. RUSSELL.

(Supreme Court, Appellate Division, Third Department.   March 5, 1913.)

1. APPEAL AND ERROR (§ 927*)—REVIEW—NONSUIT—EVIDENCE.

Upon review of a nonsuit, the plaintiff is entitled to the benefit of every fact that the jury could have found from the evidence, and to all inferences warranted thereby.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 4024;  Dec. Dig. § 927.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—INJURIES FROM AUTOMOBILE—QUESTIONS FOR JURY.

In an action for personal injuries from being run down by an automobile and chauffeur borrowed by defendant, the questions of the negligent operation of the car and of plaintiff's contributory negligence *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518;  Dec. Dig. § 706.*]

Kellogg, J., dissenting.

Appeal from Trial Term, Schenectady County.

Action by William Fitzgerald against Lillian Russell.   Judgment for defendant, and plaintiff appeals.   Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, and HOWARD, JJ.

James J. Barry, of Schenectady (Leary & Fullerton, of Saratoga Springs, of counsel), for appellant.

George Young Bauchle, of New York City, for respondent.

LYON, J.   [1] It has long been settled law that in reviewing a judgment entered upon a nonsuit the plaintiff is entitled to the benefit of every fact that the jury could have found from the evidence and to all inferences warranted thereby.   Costello v. Third Avenue R. R. Co., 161 N. Y. 317, 55 N. E. 897.

[2] This action was brought to recover damages on account of personal injuries received by plaintiff by being struck by an automobile in Wall street, in the city of Schenectady, in the forenoon of August 6, 1910.   From the testimony of the plaintiff and of the witnesses Sweeny and Dinardo given upon the trial the plaintiff had the right to claim as facts warranted by the evidence that while on the westerly sidewalk of Wall street, and about fifteen feet from the corner of State street, he sought to cross from that sidewalk diagonally to the easterly sidewalk; that as he started to cross the street he looked towards State street, and saw nothing; that, when he had reached the middle of Wall street, he looked again, and saw a car rounding the corner, and that the car was then going in a straight line along the center of Wall street; that, thinking he had time to reach the opposite curb, he continued on his course for two or three feet, and, when within two or three feet of the easterly curb, he was struck by the car; that when he first saw the car after it had turned into Wall street it was running five or six miles an hour, but that its speed increased until at the time

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it struck the plaintiff it was running eight or ten miles an hour; that, instead of keeping a course along the center of the street, the car turned towards the easterly curb, swinging in towards plaintiff and running him down; that the distance between the curb and the nearest wheel of the car while the car was in the middle of Wall street was three or four feet.

The plaintiff and two physicians were witnesses as to the extent of plaintiff's injuries. A sister of the defendant testified that, while the defendant did not own the car, it had been loaned to her to use for a few days, and that the defendant had that morning told the chauffeur where to go and what to do, and that at the time of the accident he was doing business that the defendant had directed him to do. In view of all this testimony, we think the plaintiff had the right to have the questions as to the negligent operation of the car and of the plaintiff's contributory negligence submitted to the jury.

The judgment and order appealed from must therefore be reversed and a new trial granted, with costs to the appellant to abide the event. All concur, except KELLOGG, J., dissenting.