HAROLD A. PIERCE, Appellant, *v.* ARMOUR & COMPANY, Respondent.

Third Department, June 21, 1929.

*Wallace E. Pierce* [*Kenneth H. Holcombe* of counsel], for the appellant.

*Patrick J. Tierney*, for the respondent.

PER CURIAM. Taking the facts favorable to plaintiff as found by the jury, we may say that as the plaintiff was crossing Bridge street in Plattsburgh, on foot, passing from the south to the north side of the street, he was run down and injured by a truck owned by the defendant. The plaintiff had passed at least to or perhaps beyond the street car tracks in the center of this thirty-two-foot paved street. The truck coming from the west would naturally have passed behind plaintiff on the south side of the street. Instead the truck was running near the center of the street and swerved to the left and struck plaintiff. No warning signal was given. There was no other person or vehicle on the street in that locality; and under this state of facts the jury properly have found that the driver of the truck was negligent in not keeping to the right-hand side of the street, and in driving at a high rate of speed without exercising due vigilance.

The dismissal of the complaint was on the ground that plaintiff was guilty of contributory negligence as a matter of law. With this conclusion we disagree. The plaintiff testified that he looked to his left before starting to cross and continued to look until he passed the center of the street when he looked to the right from which direction traffic going west might be expected. It was at this point he was struck by the truck going east. It is argued with indubitable force that if plaintiff looked to the west he was bound to see the approaching truck. The plaintiff was rendered unconscious by the accident and remained so for some time. It is possible that he may have forgotten some of the events immediately

preceding the accident. He may have been mistaken about the place he looked and the number of times. It may be that he has testified falsely on this question, and that he did not look at all. But the fact does remain that he had reached a place of reasonable safety at the time he was struck; and it was for the jury to say whether his lack of vigilance and care in crossing half the street ahead of this truck, which should have kept to the right, was a proximate cause of the accident.

The facts as we have stated them are sharply disputed. Twice before a verdict for the plaintiff has been set aside as against the weight of evidence. The accident occurred on December 29, 1923. There comes a time when courts must say there shall be finality to a particular litigation and the verdict of a jury be accepted as determinative of the questions of fact. (*Ridgely* v. *Taylor & Co.*, 126 App. Div. 303; *Barrett* v. *New York Central & Hudson River Railroad Co.*, 45 id. 225; *Dorwin* v. *Westbrook*, 11 id. 394; affd., 158 N. Y. 742.) That time has now arrived in this case.

The judgment and order should be reversed on the law and the verdict reinstated, with costs.

VAN KIRK, P. J., DAVIS, WHITMYER and HILL, JJ., concur; HINMAN, J., dissents and votes for affirmance.

Judgment and order reversed on the law and the verdict reinstated, with costs.