CLARENCE KNOX, Respondent, v. JOHN PALMER, Appellant.—Action for damages for personal injuries resulting from the negligence of the defendant in driving around a curve and striking the plaintiff as he was crossing the street. The defendant's automobile was moving at a high rate of speed and no warning signal of his approach was given. The plaintiff was struck after he had nearly reached the center of the street. He had looked north in the direction from which the defendant's car was coming and saw nothing. He then turned to look toward possible traffic that might be coming in the opposite direction. Just° as he turned to look again the car struck him. The sole question raised on this appeal is that the plaintiff was contributorily negligent as a matter of law. Judgment unanimously affirmed, with costs. (*Baker* v. *Close*, 204 N. Y. 92; *Knapp* v. *Barrett*, 216 id. 226, and *Pierce* v. *Armour & Co.*, 226 App. Div. 393; affd., 253 N. Y. 568.) Present — Young, Hagarty, Davis, Johnston and Adel, JJ.

THEODORE KOK, an Infant, by JOHN KOK, His Guardian ad Litem, Appellant, v. ELSIE BREIT, Respondent, and GEORGE KALB, Defendant. JOHN KOK, Appellant, v. ELSIE BREIT, Respondent, and GEORGE KALB, Defendant.— The action was brought by the infant plaintiff to recover damages for personal injuries sustained when overtaken and struck by a car driven by defendant Kalb and owned by defendant Breit, as he was propelling a push cart without lights along the side of a highway, and by his father to recover for expenses and loss of services. Defendant Kalb died prior to the trial and the action as to him abated. Judgments in favor of defendant Breit, entered upon the verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Young, Hagarty, Davis, Johnston and Adel, JJ.

ROSE MILLER, as Administratrix, etc., of MORRIS MILLER, Deceased, Appellant, v. METROPOLITAN LIFE INSURANCE COMPANY, Respondent.— Action upon an accident policy for double indemnity based on the theory that an expired policy had been reinstated by the company's acceptance of the premium after the expiration of the period of grace. The documentary evidence disclosed that the payment was made in connection with an application for reinstatement, signed by the deceased, which expressly provided that the policy was not to be deemed reinstated until the application had been favorably acted upon by the home office, and there was no proof of such favorable action. Order denying plaintiff's motion for summary judgment and granting defendant's cross-motion for summary judgment, and the judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements. No opinion. Appeal from order denying motion for reargument dismissed as not appealable. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.